By the statute of frauds, any promise to answer for the debt, default or miscarriage of another is void, unless the same be in writing and subscribed by the party to be charged therewith. (2 R.S., 136, § 2.)
One Mrs. Collins was a debtor to the plaintiff, the debt being secured by a deed of certain real estate absolute upon its face, but actually intended as a mortgage. Mrs. Collins, being desirous of paying said indebtedness, and obtaining a conveyance of the land, at the request of the defendant, the plaintiff conveyed the land to Mrs. Collins, in consideration of which the defendant deposited and delivered, in pledge to secure the indebtedness, certain railroad bonds, which he agreed, within one year thereafter, to redeem at par, by paying the principal and interest which they represented. *Page 240 
The question to be determined is whether the promise of the defendant was void by the statute of frauds. The authorities upon the subject are numerous, but the later decisions have, to a great extent, established certain general rules which are in most cases applicable and controling. The tests to be applied under the statute in every case, is whether the party sought to be charged is the principal debtor primarily liable, or whether he is only liable in case of the default of a third person; in other words, whether he is the debtor or whether his relation to the creditor is that of surety to him for the performance, by some other person, of the obligation of the latter to the creditor. (Brown v. Weber, 38 N.Y., 187.) There is, I think, no sufficient ground for claiming that the promise of the defendant was given or accepted as collateral to the demand which the plaintiff held against Mrs. Collins, or in default of her paying the same. There was no such condition made in the agreement, and it is not to be inferred from the facts presented. It was not a promise to become liable as surety for the debt of another, or collateral to the original indebtedness. That indebtedness had been fully discharged by the conveyance of the land by the plaintiff to Mrs. Collins, and it is in no way apparent, nor can it be properly assumed that the plaintiff could enforce his claim against her. The test is, whether the plaintiff could have maintained an action against her for the demand which was paid by a conveyance of the land and acceptance of the bonds. No such element entered into the agreement, either upon the execution of the conveyance or the delivery of the bonds; nor is it to be presumed from the circumstances surrounding the case. An action brought for such a purpose would be without any evidence to support it, and must inevitably fail. The plaintiff had entirely relinquished his claim upon the land, as well as against the original debtor, and the defendant entered into an independent obligation to secure or pay the debt. The case was not that of a creditor who releases a security without extinguishing the debt, but was a relinquishment of the debt against the debtor without having and *Page 241 
without reserving any right whatever to pursue a remedy against the debtor.
In my opinion, there is no valid ground for claiming that there was no sufficient consideration to support the promise. By the conveyance of the lands to Mrs. Collins the plaintiff gave up a security on real estate which, we are authorized to assume, was ample, and took defendant's promise with the bonds, the market-value of which was fifteen per cent below par. He also released the debtor from personal liability, and, without the benefit of the defendant's promise, he no doubt would have been subjected to loss upon the sale of the bonds. Here was an injury to follow by reason of a failure to fulfill the promise, and the defendant also was benefited by obtaining a lien upon the lands conveyed to Mrs. Collins, by means of security taken, and a mortgage which she executed to him, as well as by a right to develop these lands. (2 Parsons on Con. [5th ed.], 7.)
The case of Mallory v. Gillett (21 N.Y., 412), is cited by the counsel on both sides, and I do not discover any doctrine laid down, or principle asserted, which conflicts with the rules already referred to as bearing upon cases of this character. In that case the plaintiff had possession of a canal boat, upon which he had a lien for repairs, and delivered it to a third person, at the defendant's request, upon his verbal promise that he would pay the amount due for such repairs, and it was held, there being no consideration moving to the defendant, that his promise was void under the statute of frauds. There is a marked distinction between the case cited and the one at bar. In the case cited, the plaintiff never relinquished or extinguished his claim against the original owner for the repairs, while here it was completely surrendered. Besides, there was no valid consideration for the promise, and it was collateral to the original debt, which was still in force, and for the collection of which there was an adequate and an ample remedy. It is said, in the prevailing opinion in this case, that among the cases which are not held to be within the statute, are those "where the original debt *Page 242 
becomes extinguished, and the creditor has only the new promise to rely upon." The case at bar may, I think, be considered as embraced within this rule, as we have seen that the plaintiff could only rely upon the agreement made with the defendant to obtain payment of her entire demand.
The judgment must be affirmed with costs.
All concur; except ALLEN and FOLGER, JJ., dissenting; CHURCH Ch. J., not sitting.
Judgment affirmed.