GASTON VS. OWEN.

CONTRACT: NOVATION: PLEADING: *Complaint held to go upon novation of contract: Facts necessary to be shown in proof.*

1. The complaint was, in substance, that, on etc., one M. was indebted to plaintiff in a certain sum, and defendant was indebted to M. in a still larger sum, and it was thereupon agreed between M. and the parties to this action, that defendant should pay plaintiff said first named sum, and be discharged from that amount of his indebtedness to M.; and that plaintiff accepted defendant's said promise, and released M.; but that defendant has made default in part, etc. *Held*, that the complaint goes entirely upon the substitution of defendant for M. as plaintiff's debtor, and no recovery can be had under it without proof of the averment that defendant, at the time of his alleged promise, was indebted to M. in the sum which he promised to pay plaintiff.

2. Mere evidence that defendant made a payment for M. to plaintiff, and promised to pay the remainder of M.'s indebtedness at a future date, and that there was, at the time of such promise, a subsisting executory contract between M. and defendant by which the latter might probably become indebted to the former — without evidence of the relations of the parties or the state of their account on the foot of such contract at the time of the transaction, — would not sustain a verdict for plaintiff.

APPEAL from the Circuit Court for *Eau Claire* County. The complaint in this action alleges that during the whole period therein mentioned, one A. J. McCann was putting in logs for the defendant in the Chippewa river, defendant agreeing to furnish McCann supplies for that purpose. It then sets forth a sale by plaintiff to McCann of a quantity of hay at the agreed price of $150; that, on a certain day thereafter, defendant was indebted to McCann in a sum exceeding that amount; that it was thereupon agreed between McCann and the parties to this action, that defendant should and would pay plaintiff the price of the hay and charge the same to McCann, on his (defendant's) indebtedness to the latter; that plaintiff accepted defendant's promise, and released McCann: that defendant

then paid $50 of said sum, and promised to pay the remainder during the succeeding month, but has failed to pay any part thereof.    Answer, a general denial.

Plaintiff's evidence tended to show the following facts: One McLaughlin, who was running a logging camp for McCann, purchased the hay of plaintiff for use in the camp, and made out for plaintiff a written statement addressed to McCann, showing the quantity of hay bought and the price agreed upon.    McCann, on presentation of this statement, told plaintiff that defendant was to pay it, and went with him to see the latter, who, upon being assured by McCann that it was all right, wrote on the back an order upon himself for its payment, which he directed McCann to sign, paid plaintiff $50 upon the same, and promised to pay the balance the following month.

It also appeared that at this time, McCann was putting in saw logs for the defendant on Chippewa river, at a certain price per thousand, and that defendant had agreed to furnish supplies as needed for that purpose, deducting the cost thereof from the contract price; but no evidence was given or offered tending to show the state of accounts between McCann and defendant at the time of the latter's promise; neither was any proof made of the allegation in the complaint, that, in consideration of such promise, McCann had been released.

On defendant's motion, judgment of nonsuit was entered; from which the plaintiff appealed.

For the appellant, a brief was filed by *Bailey & McCaslin*, and the cause was argued orally by *W. F. Bailey*.    Assuming that the circuit court proceeded upon the ground that defendant's promise was void under the statute of frauds, they cited, upon that point, *Gill v. Rice*, 13 Wis., 613; *Beard v. Converse*, 5 Cent. Law Jour., No. 12, p. 271; *Stokes v. Moore*, 1 Cox, 219; *Clason v. Bailey*, 14 Johns., 484; 3 Parsons on Con., 6–8; *Bluck v. Gomperts*, 7 Excheq., 862; *Wilford v. Bealey*, 3 Atk., 503; *Propert v. Parker*, 1 R. & M., 625;

*James v. Patten,* 8 Barb., 344; *Johnson v. Dodgson,* 2 M. & W., 653.

For the respondent, a brief was filed by *Henry H. Hayden* and *Wm. Pitt Bartlett,* and there was oral argument by *Mr. Hayden.* They contended that there was no evidence of any indebtedness of defendant to McCann, nor of any release of McCann by the plaintiff; that these facts were essential to the novation alleged; and that, in their absence, defendant's promise was void under the statute. R. S., ch. 107, sec. 2; *McConnell v. Dodge,* 10 Wis., 111; *Mallory v. Gillett,* 21 N. Y., 413; *Nelson v. Boynton,* 3 Met., 396; *Young v. French,* 35 Wis., 116; *Osborn v. Farmers' L. & T. Co.,* 16 id., 38.

RYAN, C. J. The question on the statute of frauds, discussed in the briefs of counsel, does not appear to arise in this case. As suggested on the argument by the learned counsel for the respondent, the case made by the complaint is clearly one of novation, going upon the substitution of the respondent for McCann, as debtor to the appellant. The complaint contains the averments material to such a case, and excludes any other liability of the respondent.

It avers that, at the time of the substitution, the respondent was indebted to McCann in as large an amount as McCann was indebted to the appellant. This was a material averment. For it is upon the ground that the debtor assumes no new liability, but only changes his creditor, promising to pay an old debt to a new creditor, the creditor of his creditor, that the doctrine of novation rests. And it was necessary to the appellant's case to give evidence in support of his averment that the respondent, at the time of his promise, was indebted to McCann in the amount which he promised to pay to the appellant, satisfying *pro tanto* an existing debt to McCann. Addison on Contracts, 272–277; 1 Parsons on Contracts, 217–222; Story on Contracts, §§ 479–488.

We cannot hold that there was any evidence to go to the jury on the point. It was in proof that there was a subsisting executory contract between McCann and the respondent, by which the latter might probably become indebted to the former; but no evidence was given tending to show the relations of the parties or the state of their account, on foot of the contract, at the time of the transaction. It is true that the respondent made a payment for McCann to the appellant; but that could raise no presumption of a present debt larger than the payment itself; hardly of that. It appears also that the respondent promised to pay the balance in suit here, at a future day. Any presumption from the promise would be, to say the least, ambiguous; as much perhaps against, as for, the recognition of a present debt to McCann. We cannot think that it would be safe to submit such a promise to a jury, as a fact tending to show a present debt. The same ground might be open in every case to uphold a voluntary promise to pay the debt of another. These are the only circumstances in evidence which could have any possible bearing on the indebtedness of the respondent to McCann. And none of them, nor all together, would be sufficient to support a finding of the fact.

We must therefore hold that the nonsuit was properly granted. Whether or not the appellant might then have amended his complaint, so as to make a case on the order of McCann, or whether he could recover against the appellant on the order, are questions not now here. The appellant did not ask to amend; and he had no right to go to the jury on a case essentially different from his pleading. The difficulty was not a variance. It arose from proof tending to show one contract, under a complaint setting up an essentially different one. *Andrews v. Powers*, 35 Wis., 644; *Young v. Lego*, 36 id., 394; *Pierce v. Carey*, 37 id., 232.

*By the Court.* — The judgment of the court below is affirmed.