JAMES E. BONINE v. EZEKIEL DENNISTON.

*Suretyship—Novation.*

An unwritten agreement of suretyship is void.

Where suit was brought on an alleged new contract denied by defendant, it was *held* that the original contract between the plaintiff and another party was admissible in evidence.

Error to Cass. Submitted June 12. Decided July 1.

ASSUMPSIT. Defendant brings error.

*Howell & Carr* for plaintiff in error.

*O. W. Coolidge* for defendant in error.

GRAVES, J. This cause went into the circuit court by appeal from a justice of the peace. It was brought by Denniston to recover the value of certain doors, sash and blinds he claimed to have sold and delivered to Bonine, and amounting to about sixty dollars, and also to recover the amount remaining unpaid upon a draft upon him in favor of Denniston by Mizener & Manney for one hundred and twenty-five dollars, which he had accepted. On the trial Denniston waived all right of recovery on the draft and rested his claim exclusively on the charge for goods sold and delivered, and a recovery was allowed thereon for the articles before mentioned.

It appeared that Mizener had contracted with Bonine to erect a house for him and provide the materials, and that Denniston agreed with Mizener to manufacture the articles in question, being a part of such materials, for one hundred and twenty-five dollars. They were made and a portion of them delivered.

Denniston claims that he informed Bonine he would not ship the residue to Mizener, and that Bonine then agreed to pay him if he would ship to him, and that pursuant to such arrangement the articles were sent to Bonine and used in the building. Denniston admits Bonine never became responsible to him for other goods, and that prior to the agreement with him the articles had been prepared for delivery and charged to Mizener, and that he did not get Mizener's consent to change the charge, as he then did to Bonine. He further admits that Mizener bought the goods in his own name.

Bonine denies that he agreed to pay for the goods provided Denniston would send them to him. He insists that the accepted order for one hundred and twenty-five dollars covered his entire undertaking relative to the articles provided by Denniston, and that he had paid fifty

dollars upon it which Denniston did not indorse; that the talk with Denniston related to this accepted order, and that he then informed him that if he would credit the fifty dollars upon it he would pay the balance; that when the case was before the justice he tendered seventy-five dollars to satisfy the order, and that Denniston thereupon applied the fifty dollars and the amount tendered and gave up the order.

There was evidence tending to show that the fifty dollars spoken of was sent to Denniston by Bonine through Mizener, and that Denniston originally claimed that the application of the money was not suggested when it was handed to him, and that he was entitled to credit it to Mizener & Manney, who were indebted to him. If the order was given up as paid by the fifty dollars and the seventy-five dollars tendered before the justice as claimed by Bonine, and apparently not denied, there was no room for controversy in the circuit court as to the application of the fifty dollars. That had been applied to the order by the consent of both parties, and the order itself had been extinguished and the consideration for which it was given satisfied. If the sale price of the goods constituted that consideration, the price was paid, and no debt therefor to Denniston remained. Again, if Bonine was correct in contending that he made no contract or agreement, except such as was involved in his acceptance of the draft or order, then Denniston was not entitled to recover against him for goods sold and delivered. His sole liability, if any, was that of acceptor.

Passing these matters, the question was whether these parties ignored the agreement between Mizener and Denniston, and made a new and distinct agreement between themselves whereby Denniston was to sell and deliver to Bonine, on his individual promise and sole credit, or whether it was contemplated that delivery should be made in furtherance of the agreement made between Mizener and Denniston, and that Bonine should be responsible for payment of the price in that agreement, and

hence for the performance on Mizener's part of so much of that agreement as related to the payment of the articles in question. In case the first of these alternatives was the true one, then Bonine was liable, in character of principal, in an original undertaking. If the last was the true one, his position was that of surety, and as there was no writing he was not liable. In this aspect the case stands on the same ground, and is governed by the same principles as *Ingersoll v. Baker*, ante, p. 48.

In view of the circumstances the circuit judge specially submitted to the jury whether the parties on the occasion mentioned by Denniston came to a definite understanding, and whether it was the intention that Bonine should buy the articles, or simply be surety for Mizener, and whether it was intended that he should pay the order also, and they found that the parties came to a definite understanding that Bonine should be responsible as surety for Mizener, and should also pay the order referred to. One of the effects of this special finding was to negative the claim that Bonine's undertaking was original, and hence to leave it subject to the objection that it was a collateral promise, and void for want of writing. The plaintiff in error based a motion on this finding against the general verdict, but the circuit judge overruled it.

We think the court erred in entering judgment for the plaintiff below, but as we do not feel satisfied that the jury had a clear idea of what the points were on which the case hinged, it is not best to give judgment here on the verdict for plaintiff in error. The objections to the rulings in regard to evidence do not require discussion. We think it is plain that the contract between Mizener and Denniston, and by which the latter agreed to furnish the goods sued for to Mizener, should have been admitted, and we fail to see any sufficient basis for the other exclusions.

The judgment should be reversed with costs and a new trial ordered.

The other Justices concurred.