ANGUS C. McDONALD v. CHARLES BEWICK, ANDREW W. COMSTOCK ET AL.

*Construction of promise to pay.*

A written assurance that "we here agree to pay every man you have in your employ * * * that stays by you until you put in your logs," does not cover persons not employed till after it was received.

Error to Alpena. Submitted April 22. Decided April 28.

ASSUMPSIT. Plaintiff brings error.

*Holmes & Carpenter* for plaintiff in error.

*Turnbull & McDonald* for defendants in error.

CAMPBELL, J. McDonald sued defendants on an alleged agreement made by them to become personally responsible for the payment of all men employed under one Kennedy in getting out logs. The writing under which he sues was as follows:

"ALPENA, MICH., May 10, 1878.

*Mr. D. A. Kennedy, Wilson Township, Mich.:*

I am told that there are some fears expressed by some of your men that they will not get their pay. You may say to them all, and show them or any of them that we here agree to pay every man you have in your employ to the last dollar that may be due him for labor, that stays by you until you put in your logs.

BEWICK, COMSTOCK & Co."

McDonald was not in the employ of Kennedy when this letter was written, but was afterwards employed by him. There was considerable testimony on the subject of this employment, and of Kennedy's having work of his own as well as of defendants. The court below charged that no cause of action was made out, and these questions do not become very important. The declaration declares on an original and not a collateral undertaking, but this, also, becomes immaterial in the view taken on the law of the case.

At the time this letter was written, as appears from the letter itself as well as from other proofs, Kennedy had a number of men in his employ who were unwilling to trust to him personally for pay, and threatened to leave him. Defendants knew or had means of knowing how many of these men there were, and on what terms they were employed. The testimony indicates they had special reasons for protecting them. The letter sued on, by its natural and plain sense, is intended for the single purpose of inducing men already employed, to remain with Kennedy until he finished his work. There is nothing authorizing him to discharge these men or to employ others, unknown to defendants, and on such terms as he might choose. They could easily anticipate how much they would have to pay to the men already engaged, and were willing to pay them. But it could not be supposed they would be willing to put their personal credit entirely at the discretion of Kennedy in favor of any one he should thereafter employ. It would require very plain language to favor such an obligation. The language of their letter is clear and not ambiguous, and its natural meaning is sensible and reasonable. We think it had no reference to persons not then employed.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.