THOMAS TOOHEY v. ANDREW W. COMSTOCK ET AL.

ANDREW W. COMSTOCK ET AL v. THOMAS TOOHEY.

*Agreement to pay wages of another's workmen—Authority to increase wages.*

A firm of lumbermen who had made a logging contract wrote to the jobber with whom it was made that he might say to his men and show them "that we here agree to pay every man in your employ to the last dollar that may be due him, that stays by you until you put in your logs." *Held,* that this was a promise made directly to the employees; that the firm made the jobber their agent to bring it to their notice, and that any of the workmen who accepted its terms by serving, unless sooner discharged, until the logs were put in, could

maintain an action upon it against the firm for so much of their wages as had fallen due before the date of the letter as well as for what fell due after. And after its date the jobber could increase the pay of the workmen, and represented the firm for that purpose.

Error to Alpena.   Submitted Jan. 27.   Decided April 13.

ASSUMPSIT.   Both parties bring error.   Reversed.

*Kelley & Clayberg* for Toohey.   A promise to pay the debt of another is an original promise if based on an independent consideration: *Leonard v. Vredenburgh* 8 Johns. 29; *Farley v. Cleveland* 4 Cow. 432; *Mallory v. Gillett* 21 N. Y. 412; *Dyer v. Gibson* 16 Wis. 557: *Wyman v. Goodrich* 26 Wis. 21; *Dearborn v. Parks* 5 Greenl. 81; *Hilton v. Dinsmore* 21 Me. 410; *Todd v. Tobey* 29 Me. 224; *Clifford v. Luhring* 69 Ill. 401; *Nelson v. Boynton* 3 Met. 400; *Walker v. Penniman* 8 Gray 233; *Curtis v. Brown* 5 Cush. 492; *Alger v. Scoville* 1 Gray 391; *Jones v. Palmer* 1 Doug. (Mich.) 382; *Bonebright v. Pease* 3 Mich. 318; *Thomas v. Dodge* 8 Mich. 51; *Brown v. Hazen* 11 Mich. 221; *Warnick v. Grosholz* 3 Grant 234; *Brown v. George* 17 N. H. 128; *McKeenan v. Thissel* 33 Me. 368; *Mathews v. Chrisman* 12 S. &. M. 595; *Watkins v. Perkins* 1 Ld Raym. 224; but see *Bresler v. Pendell* 12 Mich. 224; *Hite v. Wells* 17 Ill. 88; *Brown v. Weber* 38 N. Y. 187; such a promise covers wages due when made: *Vinal v. Richardson* 13 Allen 521.

*Turnbull & McDonald* for Comstock et al.   The agreement sued upon was not an original undertaking, but a collateral one: *McDonald v. Bewick* 43 Mich. 438; *Waldo v. Simonson* 18 Mich. 345; *Eddy v. Roberts* 17 Ill. 505; *Larson v. Wyman* 14 Wend. 246. A declaration on an undertaking as original will not sustain a recovery if it be a collateral promise: *Lyon v. Chamberlain* 41 Mich. 119; *Welch v. Marvin* 36 Mich. 59.

MARSTON, C. J.   Toohey recovered a judgment in the court below, but being of opinion that he was entitled to a

still larger amount, of which the charge of the court deprived him, he brings the case here on writ of error.

The defendants below also being dissatisfied with the judgment, but for a different reason, also ask a review on writ of error. Both parties agree only in asking a reversal of the judgment and for a new trial, and so seldom have we an opportunity to please both parties, that we must grant their joint request, reverse the judgment and order a new trial.

Bewick, Comstock & Co. let to D. A. Kennedy the contract of putting in for them a quantity of logs. Kennedy employed Toohey to work for him, and also employed certain other parties and a part of the work was performed. Toohey seeks to recover upon the following instrument:

"ALPENA, MICH., May 10, 1878.

*Mr D. A. Kennedy Wilson Township Mich.*

I am told that there are some fears expressed by some of your men, that they will not get their pay. You may say to them all, and show them, or any of them, that we here agree to pay every man in your employ, to the last dollar that may be due him, that stays by you until you put in your logs.

BEWICK, COMSTOCK & Co."

This instrument was brought to the knowledge of Toohey and he continued to work and gave evidence tending to prove, that he thereafter looked to the defendants for his pay. Under the charge of the court the plaintiff was not permitted to recover for the work done previous to May 10th and this is the main cause of his complaint.

Defendants claim that the instrument sued on was either a mere power authorizing Kennedy to bind them, a guaranty, or an original undertaking between defendants and the men in Kennedy's employ on May 10th, and that under either view there were difficulties in the way of plaintiff's recovery under the pleadings, as he had declared upon the instrument as an original undertaking.

A similar case was in this court once before and is reported in *McDonald v. Bewick* 43 Mich. 438.

A number of authorities have been cited in the present case, in some of which instruments supposed to resemble the

one here sued upon were construed. A layman of ordinary intelligence would have no trouble in construing the instrument sued upon. It contains a very plain proposition. Bewick, Comstock & Co. were interested in having the logs put in; the men at work in putting them in were afraid Kennedy would not pay them; this coming to the knowledge of the log owners, the instrument in question was written, to be shown to the men, and promising to pay them, or those who would stay until the logs were in. Who can doubt but that the men would, on seeing, or hearing read this instrument, and knowing the responsibility of the signers thereto, look upon it as a promise to pay them their wages—not for future work only, but "to the last dollar that may be due" them when the work was finished, as no payment was contemplated until then. This must have been what the men would understand, and this is just what the parties making the instrument intended they should understand. Why then should the defendants not do as they agreed ? What rule of law is violated in holding them bound by their obligation ? Courts may refine upon such agreements, at the expense of justice, and render them a mere snare to mislead men.

To say that these men can have no right of action because their names did not appear in the instrument would be but to render it nugatory as to them. This was not a promise made to some third persons for their benefit. It was made to the men directly, and Kennedy was made the agent of defendants, to bring this to the attention of the men, and upon this being done all who accepted its terms by remaining until the logs were put in, unless sooner discharged by defendants or their agent Kennedy, would have a right to recover. In this way and none other can full effect be given to the terms of the instrument, and to what must also have been the understanding of all the parties. We are also of opinion that Kennedy had power to increase the rate of wages to be paid the men after the 10th of May. He was in charge of the work and represented the defendants.

The ruling of the court below was more favorable to

defendants than we think was warranted, and not sufficiently so to the plaintiff.

The judgment will therefore be reversed with costs and a new trial ordered.

The other Justices concurred.