## In re estate of George Tozer.

*Promise without consideration to be responsible for title.*

A town treasurer sold a pump on a tax levy and the purchaser sold it to third parties who claim that the treasurer promised verbally, and without receiving any consideration, to be responsible for the title. *Held,* that the promise was a collateral undertaking involving no liability until the failure of the latter contract, under which a warranty of title was implied by rules of law.

Error to Lapeer. Submitted June 15. Decided June 22.

Appeal from order of the probate court rejecting a claim against the estate. Claimant recovered in the circuit court and the estate brings error. Reversed.

*Moore & Bentley* for plaintiff in error. A promise to answer for the act of another is a collateral undertaking and void if not in writing: Comp. Laws, §§ 4698, 4701; *Bissig v. Britton* 59 Mo. 204: 21 Amer. 379; *Waldo v. Simonson* 18 Mich. 345; *Halsted v. Francis* 31 Mich. 114; *Brown v. Hazen* 11 Mich. 219; *Corkins v. Collins* 16 Mich. 483; *First Nat. Bank v. Bennett* 33 Mich. 520; *Smith v. Bowler* 2 Disney 153.

*Geer & Williams* for defendant in error. One who guarantees the title to property which a purchaser would not have bought without his guaranty, will be liable as on

an original promise: *Adams v. Dansey* 6 Bing. 506; *Allaire v. Ouland* 2 Johns. Cas. 52; *Peck v. Thompson* 15 Vt. 637; *Brewster v. Countryman* 12 Wend. 446; *Tarr v. Northey* 17 Me. 113; *Goodspeed v. Fuller* 46 Me. 141; *Tarbell v. Stevens* 7 Ia. 164; *Dorwin v. Smith* 35 Vt. 69; *Marcy v. Crawford* 16 Conn. 549; Throop Verb. Agreements, §§ 431–6; considerations of loss or inconvenience to a party relying on them at another's request or on his promise are good: *Train v. Gold* 5 Pick. 380; *Hilton v. Southwick* 17 Me. 303; *Great Northern R. R. v. Witham* 7 Eng. 130; *Willetts v. Sun Mutual Ins. Co.* 45 N. Y. 45; 1 Addis. Cont. 21–3, 33; 1 Wait's Actions 103.

CAMPBELL, J.　David C. Briggs and William Coffron presented a claim against George Tozer's estate for damages from the failure of title of a steam pump the title of which it was insisted he had guaranteed.

The pump had been sold by him as town treasurer on a tax levy, and bid off by one Jerome Warren. Plaintiffs desired to purchase and did purchase it of Warren, but being doubtful of Warren's responsibility, they applied to Tozer, who as they claim promised to guaranty them from all harm in case any difficulty arose, and to be responsible for the title. It appears from the plaintiff's testimony uncontradicted that they bought from Warren alone, and that the promise of Tozer was on no consideration moving to him and had reference only to such purchase.

When the case went to the jury the court presented the question of responsibility in these words: " If Tozer stepped in there and said to Briggs and Coffron ' You buy that pump of Jerome Warren, I will guaranty the title,' and they would not have bought it without that guaranty, he would be liable. If he stepped in then, and said that ' I, in my individual capacity, will guaranty the title to that pump,' then he is holden, and it is an original undertaking on his part."

This promise was very clearly a promise that Warren's contract should convey a good title, and that if it did not Tozer would be responsible. Our statutes declare void

unless in writing, "every special promise to answer for the debt, default, or misdoings of another person," and they forbid any action on any favorable representation or assurance concerning the "dealings of any other person," unless in writing. Comp. L., §§ 4698, 4701.

Whether the transaction with Tozer was a representation or assurance, or whether it was a promise, it related to a contemplated contract with Warren to which Tozer was not a party, and under which a warranty of title was implied by the rules of law. It is impossible to regard it as anything but a collateral undertaking involving no liability until Warren's contract failed. The case is a very plain one and we think the court erred in holding otherwise.

The judgment must be reversed and a new trial granted.

The other Justices concurred.