ELBRIDGE G. STUDLEY AND ALVA B. RICHMOND v. JACOB BARTH.

*Verbal guaranty of payment void under Statute of Frauds.*

A verbal promise to a merchant to guarantee payment for anything a third person should want in equipping a saw-mill at which he was to manufacture shingles for the promisor, is within the Statute of Frauds, and cannot support an action by the merchant against the person making the promise.

Error to the Superior Court of Grand Rapids. (Parrish, J.) April 29.—June 4.

Assumpsit. Defendant brings error. Reversed.

*Powers & Wolf* for appellant. Non-existence of a debt does not make a promise to pay it when it exists, an original undertaking: Brandt on Suretyship § 61; Browne Stat. Frauds (3d. ed.) § 162; *Huntington v. Wellington* 12 Mich. 10 ; the test is whether the original debtor remains responsible or not: *Welch v. Marvin* 36 Mich. 59 ; *Bugbee v. Kendricken* 130 Mass. 437 ; but this is not always material if a new consideration moves between the newly contracting parties : *Mallory v. Gillett* 21 N. Y. 412; *Calkins v. Chandler* 36 Mich. 320 ; *Corkins v. Collins* 16 Mich. 428 ; provided the benefit to the promisor is the direct and not merely the incidental object of his promise: *Clapp v. Webb* 52 Wis. 638 ; *Furbish v. Goodnow* 98 Mass. 296 ; *Gower v. Stuart* 40 Mich. 747 ; but defendant's interest in the promise does not take it out of the scope of the Statute of Frauds : *Mallet v. Bateman* L. R. 1 C. P. 163 ; a promise to be responsible for whatever a third party might desire is a guaranty : *Smith v. Loomis* 72 Me. 51 ; *Kinloch v. Brown* 2 Speers 284.

*Peter Doran* for appellee.

Sherwood, J. Both parties in this case are merchants, and do business in the city of Grand Rapids. The plaintiffs in the spring of 1882 dealt in belting, and through their traveling agent took an order for goods from the firm of Houghton & Fuhrman, at Hersey, where they were operating a shingle-mill. This firm at Hersey had a contract with defendant to manufacture shingles for him at their mill, but had no authority to purchase goods on his credit. On receiving the order the plaintiffs' information as to Houghton & Fuhrman's responsibility was not favorable, and the plaintiff Richmond went to the defendant to talk with him about it, and the following is his narrative of the conversation had with defendant, as given on his direct examination :

" Immediately after receiving the order I went to see Mr. Barth in regard to it. I stated to him that we had received

an order from Houghton & Fuhrman for belting and supplies for their new mill, and from all the information we could gain in regard to their responsibility from mercantile agencies, etc., we did'nt consider them worthy of credit, but understanding that they were going to do work for him we would require him, or some responsible party, to guaranty the account before we would ship the goods.   He said he had no doubt but what we would get our pay, and for us to ship the goods and he would become responsible for the amount; that they were going to do sawing for him, and whatever they might desire for their mill he would guaranty to pay for it.   On the strength of that conversation we shipped the bill of goods to them."

On his cross-examination the witness testified in substance that their agents took the order for the goods; that they charged the goods to Houghton & Fuhrman on their company books, and never charged anything to the defendant; that immediately on the receipt of the order he went to defendant and asked him about the responsibility of Houghton & Fuhrman; that he told witness they were going to work for him, and " that he would assume the order—that he would guaranty the payment of it;" that after the goods were delivered, the defendant told plaintiffs if they would get a note of Houghton & Fuhrman for the amount, he would indorse it; that they tried to get the note, but failed, Houghton & Fuhrman claiming the goods did not comply with the warranty plaintiffs made on the sale of them.

It further appears from the plaintiffs' testimony that the plaintiffs sent monthly statements of the goods sold and shipped to Houghton & Fuhrman, with request to pay, and that the goods were all sent to that firm and none to defendant, or any monthly statements to him; that plaintiff wrote them once for payment, besides the monthly requests, and sent them a note for the amount of the account, to sign.

This was the showing on the part of the plaintiffs, and it is presumed is as favorable to them as the circumstances of the case would admit.   The defendant claimed that under this showing he was not liable; that the case came within the Statute of Frauds, inasmuch as it was a promise to answer for

the debt of another and not in writing, and asked the court to so instruct the jury, at the close of the plaintiffs' case. The court, however, thought otherwise, and the defendant's counsel excepted. The trial proceeded, and the plaintiffs had judgment for $276.76.

We think the record shows the case clearly within the statute, and that the exception was well taken. The court should have instructed the jury as requested. The authorities cited by defendant's counsel fully sustain this view.

It is unnecessary for us to consider the other exceptions.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.