WILLARD, Appellant, vs. BOSSHARD, Respondent.

*March 3 — March 22, 1887.*

*Statute of frauds: Promise to pay debt of another.*

An oral promise by an employer to a creditor of his employee to pay the debt at the end of sixty days if the employee continued to work for him during that time,— the contract of employment being for a longer time than sixty days, and the creditor not releasing his claim against the employee or extending the time for its payment,— is within the statute of frauds and void.

APPEAL from the Circuit Court for *La Crosse* County. The case is stated in the opinion.

For the appellant there was a brief by *Fruit & Brindley*, and oral argument by *Mr. Fruit.* To the point that the defendant merely undertook to pay *his own debt* in a particular way, and that it was a promise founded upon a new and sufficient consideration moving to the promisor from the debtor at the time the promise was made, they cited *Putney v. Farnham*, 27 Wis. 187; *Hoile v. Bailey*, 58 id. 434; *Calkins v. Chandler*, 36 Mich. 320; *Bates v. Donnelly*, 57 Mich. 561; *Farley v. Cleveland*, 4 Cow. 432; *Young v. French*, 35 Wis. 111; *Stoudt v. Hine*, 45 Pa. St. 30; *Clymer v. De Young*, 54 id. 118; *Justice v. Tallman*, 86 id. 147; Browne on Stat. of Frauds, sec. 187.

For the respondent there was a brief by *Prentiss, Hughes & Miller*, and oral argument by *C. L. Hood.*

TAYLOR, J.   On May, 4, 1885, one Fisher was indebted to the appellant, *Willard*, in the sum of about $33.   At that time Fisher was in the employ of the respondent, *Bosshard*, who was a farmer, under a contract to work for said *Bosshard* during the whole season and receive his pay in the fall.   The appellant was anxious to collect his claim against Fisher, and on that day saw *Bosshard* and asked him if he would pay the debt of Fisher.   *Bosshard* replied that he did not owe Fisher anything, and could not pay the claim; that there was not that amount due Fisher then.   *Willard* wished to know when there would be enough due.   *Bosshard* replied that if Fisher worked sixty days longer there would be enough coming to him, and that if Fisher continued to work for him sixty days longer, and he (Fisher) was willing, he would then pay *Willard* his claim against Fisher.   Fisher was consulted, and he consented to such arrangement.   *Willard* then asked *Bosshard* to sign a due-bill for the amount, but *Bosshard* refused to sign it, saying his word was as good as his note.   Fisher continued to work for *Bosshard* the sixty days, after which *Willard* demanded his pay from *Bosshard*, who refused to pay, alleging as a reason that he did not owe Fisher that amount, as Fisher in the meantime had drawn his pay for other purposes.   It is also claimed by *Willard* that there was evidence tending to show that he sold his claim against Fisher to *Bosshard* for the sum of $30, to be paid in sixty days from the 4th day of May, 1885, on the condition that Fisher remained in his employ for that length of time.

On the trial the appellant was nonsuited on the ground that the contract proved was void under the statute of frauds; that it was a promise to pay the debt of another and, not being in writing and not founded on any new consideration, was void.

We think the learned circuit judge was clearly right in holding the contract as proved void under the statute.

There is no new consideration for the defendant's promise. The evidence does not show that the plaintiff surrendered any right to enforce his claim against Fisher in consideration of the promise of *Bosshard* to pay the same at the end of sixty days if Fisher remained so long in his employ. For anything which passed between the parties, *Willard* could have maintained an action against Fisher at any time during the sixty days to recover his debt of him. It is clear there was no release of his claim against Fisher on the conditional promise of *Bosshard* to pay it. Had Fisher left the employ of *Bosshard* before the expiration of the sixty days, it is very clear that *Willard's* claim against Fisher would not have been extinguished. It was to be extinguished conditionally, and the condition was clearly not only that he should work the sixty days for *Bosshard*, but that *Bosshard* should then pay the claim to *Willard*. There is nothing in the contract as proved that would justify a jury in finding that if Fisher worked the sixty days his debt to *Willard* should be satisfied and paid.

If the debt of Fisher had been satisfied by the contract with *Bosshard*, it may be admitted that the contract would bind *Bosshard*, though not in writing. In such case the release of his claim against Fisher at the request of *Bosshard*, on his promise to pay his (Fisher's) debt, would be a new and sufficient consideration to uphold his promise to pay the debt. The injury resulting to the promisee by his release of the debt due from Fisher to him would support the promise of *Bosshard* to pay the debt. It is evident there was no such release of the debt due from Fisher at the time this new contract was made. The fact that the plaintiff says he was willing to receive $30 for his claim of $33, and that *Bosshard* should have the benefit of his entire demand against Fisher, is conclusive that there was no intention to satisfy and discharge the debt due from Fisher.

There being no release of the debt due from Fisher, was

there any other consideration for the defendant's promise? We are unable to find any upon the evidence in the case. As said above, there was no agreement even to give Fisher sixty days further credit on account of this promise. Nor was there any new consideration 'moving from the debtor, Fisher, to the defendant, to uphold the promise. Fisher did not promise to work the sixty days if he would promise to pay his debt due to *Willard*. He had already promised to work that long and longer upon a contract previously made with *Bosshard*. *Bosshard* got no benefit from this new promise, as he was not bound by his original contract to pay Fisher within the sixty days. He got, therefore, by the contract, no extension of time for the payment of his debt to Fisher. On all the evidence it was a mere naked promise to pay the debt of Fisher to *Willard* at the end of sixty days if Fisher remained in his employ under his contract theretofore made with *Bosshard*, and by the terms of which he was bound to remain in his employ that time and longer. In the meantime the debt against Fisher remains unsatisfied, and no extension of time for the payment thereof is given by plaintiff to Fisher.

The evidence fails entirely to show a valid promise to pay the debt of Fisher. The facts are not as strong in favor of the plaintiff as they were in the case of *Clapp v. Webb*, 52 Wis. 638. The facts do not bring this case within the rule laid down in *Hoile v. Bailey*, 58 Wis. 434; *Kollock v. Parcher*, 52 Wis. 399, 400, and other cases cited in these decisions. In the case at bar there was no debt due from the defendant to Fisher at the time he, with Fisher's assent, agreed to pay the plaintiff's claim, nor can it be said that the work he did, after the promise was made by *Bosshard* to *Willard*, was done in consideration of such promise. The work was done under the original contract between *Bosshard* and Fisher, which was in force when the promise was made, and continued in force thereafter. The debt which he owed Fisher

did not accrue to him upon an original agreement to work for *Bosshard* sixty days if he would pay *Willard* $33 he (Fisher) owed him, and does not, therefore, come within the case of *Hoile v. Bailey, supra,* and others cited in that case.

It is hardly necessary to say that there is not sufficient evidence to sustain the claim now made that there was evidence in the case to show a sale of plaintiff's account against Fisher to *Bosshard,* to be paid for at the end of sixty days if Fisher remained that length of time in his employ; and no such claim is made in the complaint.

*By the Court.*— The judgment of the circuit court is affirmed.