[Filed November 1, 1888.]

## GEORGE MILLER, APPELLANT, v. HENRY LYNCH, RESPONDENT.

STATUTE OF FRAUDS — AGREEMENT TO ANSWER FOR ANOTHER'S DEBT, WHEN
NEW AND ORIGINAL, AND WHEN COLLATERAL. — S. was indebted to M. in
the sum of one hundred and sixty dollars, to be paid in rails at fifty dol-
lars per thousand, to secure the performance of which agreement S. had
pledged certain property to M. If the defendant agreed with the plain-
tiff to pay him the one hundred and sixty dollars which S. owed him, and
that in consideration of such agreement the plaintiff discharged S. from all
liability for said debt, and released the property which he held in pledge
for its payment, the defendant's agreement to pay the one hundred and
sixty dollars to M. is a new and original agreement, and is not within the
statute of frauds. *Aliter*, it is within the statute, and void.

STATUTE OF FRAUDS — VERBAL PROMISE. — A verbal promise to pay the
debt of another if the creditor will forbear to sue or discontinue a suit
already begun, or release a lien on personal property held in pledge, un-
less the promisor derives a benefit therefrom peculiar to himself, are all
collateral undertakings, and within the statute, unless in writing.

APPEAL from Union County.

*R. Eakin & Brother*, for Appellant.

*G. G. Bingham*, for Respondent.

STRAHAN, J.—The amended complaint states, in sub-
stance: That on the twentieth day of March, 1887, one
John Smith was indebted to the plaintiff in the sum of
one hundred and sixty dollars, to be by him paid in rails,
viz., three thousand rails at fifty dollars per thousand, to
be made and delivered on or before July 1, 1887, and that,
as security for the payment thereof by said John Smith
to plaintiff, plaintiff had a pledge therefor,—two horses,
two sets of harness, and wagon and bob-sled; that said
defendant, on said twentieth day of March, 1887, being
desirous to obtain the services of said Smith, and in order
to obtain his services, requested the plaintiff to release him
from his said contract to make and deliver the said rails,

viz., three thousand rails, and to release the said property so pledged for the payment thereof, and in consideration that the plaintiff would release the said John Smith and the said pledged property, the defendant undertook and agreed to pay to plaintiff said sum of one hundred and sixty dollars in money on or before June, 1887; that thereupon, and in consideration of said promise of the defendant, and with the approval of said John Smith then and there given, the plaintiff did so release the said John Smith from his said contract to make and deliver said rails, and also did so release the property so pledged for the payment thereof, and accepted the defendant and his undertaking to pay the said amount in money, etc.

The answer denied each material allegation in the complaint. Upon the trial the plaintiff was nonsuited by the court after all the evidence offered by him was excluded, to all of which proper exceptions were taken.

The plaintiff, George Miller, being on the stand as a witness in his own behalf, his attorney sought and offered to prove by him "that defendant came to plaintiff's house and desired John Smith to work for him, and agreed with plaintiff that if plaintiff would release him from his contract to plaintiff to get out and deliver rails, and would release the property held in pledge therefor, the defendant would pay the plaintiff the value of the rails, viz., three thousand rails at fifty dollars per thousand, and that plaintiff, in consideration of said promise, released said John Smith from his contract, and did release the property so held in pledge; and that John Smith was present and assented to that arrangement. And the defendant requested plaintiff to release said John Smith from liability to the plaintiff on the contract testified to, and to release said pledged property." All of which testimony was objected to by defendant's counsel as incompetent, unless shown to be in writing, and the objection was sustained.

These offers of evidence and the ruling of the court excluding them present the only material questions necessary to be considered on this appeal. By these rulings the court below, in effect, held that the promise of the defendant was within the statute, and therefore void, because not in writing.

1. Upon the argument here it was contended on the part of the appellant that this was a new and original undertaking on the part of the defendant, made upon a new consideration, and in no sense " an agreement to answer for the debt, default, or miscarriage of another." That depends entirely on the question of fact whether or not Smith's debt to the plaintiff was discharged.

If his liability to the plaintiff was extinguished by the new agreement, so that the plaintiff had no further claim against him either for the rails or the debt, then the defendant's agreement was a new and original undertaking, in no sense collateral, and is not within the statute of frauds. (*Day* v. *Cloe*, 4 Bush, 563; *Yale* v. *Edgerton*, 14 Minn. 194; *Booth* v. *Eighmie*, 60 N. Y. 238; *Underwood* v. *Lovelace*, 61 Ala. 155; *Stone* v. *Symmes*, 18 Pick. 467; *Watson* v. *Jacobs*, 29 Vt. 169; *Gleason* v. *Briggs*, 28 Vt. 135; *Lord* v. *Davidson*, 3 Allen, 131; *Eddy* v. *Roberts*, 17 Ill. 505; *Warren* v. *Smith*, 24 Tex. 484; *Harris* v. *Young*, 40 Ga. 65; *Furbish* v. *Goodnough*, 98 Mass. 296.)

On the other hand, if Smith's debt to the plaintiff was not discharged or extinguished by the agreement, and what the parties did at the time the new agreement was made, then the defendant's agreement, being collateral, is within the statute of frauds, and is void, unless in writing. The fact that Smith was released from his obligation to make the rails, and that the plaintiff released Smith's property which he had in pledge to secure the performance of Smith's agreement, would make no difference.

A verbal promise to pay the debt of another if the

creditor will forbear to sue, or discontinue a suit already begun, or release an attachment, or if he will forbear making an attachment, unless the promisor derives a benefit or advantage therefrom peculiar to himself, are clearly collateral undertakings, and within the statute, and are void, unless in writing. (*Forth* v. *Stanton*, 20 Wend. 201; *Thomas* v. *Delphy*, 33 Md. 373; *Hilton* v. *Dinsmore*, 21 Me. 410; *Duffy* v. *Munch*, 42 N. Y. 243; *Licher* v. *Levy*, 3 Met. (Ky.) 292.)

If Smith's obligation to pay the plaintiff the amount specified remained in force,—and it did unless the plaintiff released him from liability to pay,—the defendant's promise, being collateral, could not be enforced unless the same was evidenced by writing. (*Furbish* v. *Goodnough*, *supra; Gill* v. *Herrick*, 111 Mass. 501; *Curtis* v. *Brown*, 5 Cush. 488; 1 Wms. Saund. 233; *Brittian* v. *Thrailkill*, 5 Jones, 329; *Stones* v. *Symmes*, 18 Pick. 467; *Brown* v. *Hazen*, 11 Mich. 219; *Shoemaker* v. *King*, 40 Pa. St. 107; *Newell* v. *Ingraham*, 15 Vt. 422; *Noyes* v. *Humphries*, 11 Gratt. 636.)

The amended complaint, while it alleges that Smith was discharged by the plaintiff from his obligation to make the rails, does not directly allege that he was released from the debt; but it was not demurred to, and the plaintiff then and now claims a more liberal construction of its terms. Upon the trial, he offered to prove that John Smith was released from his *contract* with the plaintiff, which the court refused to permit.

Under all the facts disclosed by this record, we are not satisfied with this ruling. The court ought to have permitted the evidence to have been introduced, and the plaintiff then might have been permitted to amend his pleadings so as to make it conform to the facts proved; or if that were not done, or if the evidence failed to show that Smith's debt to the plaintiff was discharged, it would

have been the duty of the court to have instructed the jury to find a verdict for the defendant.

Thinking it probable that the merits of this case were not reached upon the previous trial, we reverse the judgment, and remand the cause for a new trial.