Ivenson v. Caldwell.

---

## IVENSON v. CALDWELL · et al.

(June 11, 1891.)

STATUTE OF FRAUDS — PROMISE TO PAY DEBT OF ANOTHER — APPEAL — MODIFICATION OF JUDGMENT.

1. A contract, whereby one guarantied to pay attorneys a fee for acting as counsel in a certain suit for a third party, in consideration that they would obtain an agreement in writing from the third party that he would pay a sum of money which he was then owing to a bank of which the party giving the guaranty was president and a large stockholder, is not within the statute of frauds.[1]

2. Under Rev. St. Wyo. § 3128, which provides that a judgment rendered by the district court may be reversed, vacated, or modified by the supreme court, where no errors appear of record, except that judgment was rendered for an amount larger than demanded in the complaint, the judgment will be modified, and affirmed accordingly.

Error to district court, Albany county; M. C. SAUFLEY, Judge.

Action by Isaac P. Caldwell and Herman V. S. Groesbeck against Edward Ivenson to recover an attorney's fee guarantied. Judgment for plaintiffs. Defendant brings error. Modified and affirmed.

*Brown & Arnold*, for plaintiff in error. *Lacey & Van Devanter*, for defendants in error.

CONAWAY, J. Defendants in error sued plaintiff in error in the district court of the first judicial district, alleging as a

---

[1] See note at end of case.

cause of action that plaintiff in error "agreed and guarantied to pay a retainer fee of five hundred dollars" to defendants in error as attorney and counsel fees in a certain suit in which David B. Dole was plaintiff and Charles Hecht was defendant, in case the said David B. Dole would not pay the same; they, the said defendants in error, having theretofore been employed as counsel and attorneys for the said David B. Dole in said suit and action; in consideration that defendants in error would obtain and secure from said David B. Dole an agreement in writing to and with one Robert Marsh that he, the said David B. Dole, would pay to the Wyoming National Bank of Laramie City, Wyo., of which bank plaintiff in error was president and chief officer, and owner of a large amount of the capital stock thereof, whatever should be due to the said bank from said Dole on certain promissory notes then and there held by said bank. It' is further alleged that defendants in error obtained such an agreement as was specified, and that said David B. Dole has not paid the sum of $500, or any part thereof, but is still indebted for the same, as well as plaintiff in error, together with interest thereon from the 29th day of April, A. D. 1889, at the rate of 12 per cent. per annum; of which said plaintiff in error on said 29th day of April, A. D. 1889, had notice, and was then requested by defendants in error to pay the same. It is further alleged that no part of said sum has been paid by said Dole or plaintiff in error, though each of them has been frequently requested by defendants in error to pay the same. Prayer accordingly. Judgment for defendants in error for $500, with interest at 12 per cent. per annum from April 29, 1887. It is urged on behalf of plaintiff in error that the contract or agreement sued on was to pay the debt of another, and, not being in writing, is void under the statute of frauds. It would not be profitable. to enter upon a general discussion of the statute of frauds, or to attempt a review of the cases that have arisen and been decided under that statute. The cases are in hopeless conflict. They cannot all be reconciled. The most we can attempt to do is to ascertain whither the weight of authority leads, and to follow. The weight of authority seems to be greatly in favor of the rule established by the courts of Massachusetts and many other states, and very fairly stated in the following language: "That

cases are not considered as coming within the statute when the party promising has for his object a benefit which he did not before enjoy, accruing immediately to himself; but when the object of the promise is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him, it is within the statute." Nelson v. Boynton, 3 Metc. (Mass.) 396. This particular case is cited as a well-considered and leading case, and as stating the rule briefly and succinctly, though there are many later cases from the same and other states decided upon the same principle. This rule also has in its favor the authority of the supreme court of the United States. Emerson v. Slater, 22 How. 28. There are a few conflicting decisions, notably in Wisconsin. In equity performance in whole or in part has always been held, by an overwhelming weight of authority, to take a contract out of the operation of the statute, and, in proper cases, to authorize a decree for specific performance of the contract. In this case the object of plaintiff in error in undertaking to pay the debt of Dole to defendants in error was clearly not to benefit Dole, but to secure to himself the benefit of a valuable security for a debt which Dole owed the bank, in which he (plaintiff in error) was largely interested. Defendants in error performed upon their part their contract with plaintiff in error. Specific performance upon his part would be payment of the money according to the terms of the contract upon which this action is brought. This is not a case requiring a decree of specific performance in order to do justice and equity between the parties. A money judgment is all that is necessary, and all that is sought. Whatever might be our conclusion were the matter one of first impression, the authorities are too numerous, eminent, and pertinent to be disregarded. We are constrained to hold that the contract in question in this case between plaintiff in error and defendants in error, having been entered into by plaintiff in error mainly, if not entirely, to secure a benefit to himself, and having been performed upon their part by the defendants in error, does not come within the operation of the statute of frauds.

The judgment, however, is for a larger amount than is claimed in the petition. Under our liberal statute of amendments, the petition might have been amended by permission of the trial court, even after judgment, to correspond with the facts proved. There was no attempt to do this. The defect in the petition is not in the prayer for relief alone. If such were the case, there are authorities to the effect that the prayer might be disregarded, and relief granted according to the case made by the evidence, and within the issues made by the pleadings. In this judgment interest is allowed from April 29, 1887, two years longer than shown by the petition to have accrued. It is suggested that this is a mere clerical error, which may be disregarded. It might be considered so if there were other allegations in the petition fixing a time from which interest should run. There is no such showing. The language of the petition shows rather that defendants in error considered notice of non-payment by Dole and demand of payment upon plaintiff in error necessary to fix the liability of the latter, or, at least, to authorize the collection of interest. Their failing to amend would seem to indicate that they never abandoned this view in pleading, although they have abandoned it in argument. It would seem that they never intended to charge or claim interest prior to April 29, 1889. However this may be, there are two years' interest included in this judgment, and not included in the issues presented by the petition or in the prayer for relief. This is error. The petition fails to sustain the judgment to that extent. It appears, however, that there was a fair trial upon the issues actually made by the pleadings, and that the special verdict of the jury is sustained both by the pleadings and by the evidence. This last consideration disposes of the charge of misconduct on the part of the attorney of defendants in error before the jury. It shows that the jury were not influenced by such alleged misconduct to the prejudice of plaintiff in error. The error is in the judgment, not in the verdict. The judgment is not sustained by the pleadings or by the verdict. It would seem that the error is not one calling for a reversal and new trial, but rather for a modification of the judgment under section 3128 of the Revised Statutes.[1] The judgment of the district court in this cause is therefore modified to the extent that the principal

[1] Rev. St. Wyo. § 3128: "A judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court, for errors appearing on the record."

Board of County Com'rs v. Rollins Investment Co.

sum of $500 shall draw interest at the rate of 12 per cent. per annum from April 29, A. D. 1889, and not from April 29, 1887, and the judgment otherwise is affirmed, and the cause will be remanded for further proceedings in accordance with this opinion.

MERRELL and SCOTT, JJ., concur. GROESBECK, C. J., being a party, did not sit.

NOTE.

STATUTE OF FRAUDS—PROMISE TO PAY THE DEBT OR ANSWER THE DEFAULT OF ANOTHER.

Such promise to be binding, must be in writing. Nugent v. Wolfe, (Pa. Sup.) 4 Atl. Rep. 15; Bates v. Donnelly, (Mich.) 24 N. W. Rep. 788; Vaughn v. Smith, (Iowa,) 22 N. W. Rep. 684; Langdon v. Richardson, (Iowa,) 12 N. W. Rep. 622; Dee v. Downs, (Iowa,) 11 N. W. Rep. 2; Walton v. Mandeville, (Iowa,) 9 N. W. Rep. 913; In re Tozer's Estate, (Mich.) 9 N. W. Rep. 424; Flournoy v. Van Campen, (Cal.) 12 Pac. Rep. 257.

An original undertaking to pay for goods to be delivered, or services to be performed, for another, is not within the statute of frauds, and is binding, though not in writing, Hake v. Solomon, (Mich.) 28 N. W. Rep. 908, and note; De Witt v. Root, (Neb.) 26 N. W. Rep. 360; Grant v. Wolf, (Minn.) 24 N. W. Rep. 289; Sutherland v. Carter, (Mich.) 17 N. W. Rep. 780; West v. O'Hara, (Wis.) 13 N. W. Rep. 894; Comstock v. Tookey, (Mich.) 8 N. W. Rep. 564; although the charge therefor be made to such other person, Hake v. Solomon, (Mich.) 28 N. W. Rep. 908; Winslow v. Lumber Co., (Minn.) 20 N. W. Rep. 145; Larsen v. Jensen, (Mich.) 19 N. W. Rep. 130; but not if any credit is given to such other person, Studley v. Barth, (Mich.) 19 N. W. Rep. 568; Cole v. Hutchinson, (Minn.) 26 N. W. Rep. 319; Ruppee v. Edwards, (Mich.) 18 N. W. Rep. 193; Bonine v. Deniston, (Mich.) 1 N. W. Rep. 1024; Ingersoll v. Baker, Id. 907; Rose v. O'Linn, (Neb.) 6 N. W. Rep. 430.

When the promise is made in consideration of a benefit inuring to the promisor, it is not within the statute. Nugent v. Wolfe, (Pa. Sup.) 4 Atl. Rep. 15; Smith v. Bank, (Pa. Sup.) 1 Atl. Rep. 760; Hewitt v. Currier, (Wis.) 23 N. W. Rep. 884; Clopper v. Poland, (Neb.) 10 N. W. Rep. 538; Kelly v. Schupp, (Wis.) 18 N. W. Rep. 725; Weisel v. Spence, Id. 165; Hoile v. Bailey, (Wis.) 17 N. W. Rep. 322; Fitzgerald v. Morrissey, (Neb.) 15 N. W. Rep. 223; Wilson v. Hentges, (Minn.) 12 N. W. Rep. 151; Machine Co. v. Shattuck, (Wis.) 10 N. W. Rep. 690; Clapp v. Webb, (Wis.) 9 N. W. Rep. 796. But it is not enough that such benefit may incidentally result; it must form the object or consideration of the promise. Morrissey v. Kinsey, (Neb.) 19 N. W. Rep. 454; Clapp v. Webb, (Wis.) 9 N. W. Rep. 796.

The assumption of a debt, as part of the consideration to be paid under a contract between the person assuming the same and the original debtor, is not a promise to pay the debt of another, within the statute of frauds, Sonstiby v. Keeley, 7 Fed. Rep. 447; Clay v. Tyson, (Neb.) 26 N. W. Rep. 240, and note; Poole v. Hintrager, (Iowa,) 14 N. W. Rep. 223; Stariha v. Greenwood, (Minn.) 11 N. W. Rep. 76; nor is such promise within the statute, if the promisor thereby discharge a debt owing by himself, Walton v. Mandeville, (Iowa,) 9 N. W. Rep. 913; De Walt v. Hartzell, (Colo.) 4 Pac. Rep. 1201; Windell v. Hudson, (Ind.) 2 N. E. Rep. 303. If, in consideration of such promise, the original debtor is discharged, it is an original undertaking, and not within the statute. Mulcrone v. Lumber Co., (Mich.) 22 N. W. Rep. 67; Holm v. Sandberg, (Minn.) 21 N. W. Rep. 416.

As to what is a promise to answer for the debt or default of another, see Willard v. Bosshard, (Wis.) 32 N. W. Rep. 538, and note; Gump v. Halberstadt, (Or.) 15 Pac. Rep. 467; Pfaff v. Cummings, (Mich.) 34 N. W. Rep. 281; Ruppe v. Peterson, (Mich.) 35 N. W. Rep. 82, and note; Farnham v. Davis, (Me.) 9 Atl. Rep. 725; Maxwell v. Dell, (Colo. Sup.) 18 Pac. Rep. 561; Bunneman v. Wagner, Id. 841; Miller v. Lynch, (Or.) 19 Pac. Rep. 845, and note; Calahan v. Ward, (Kan.) 26 Pac. Rep. 53; Brant v. Johnson, Id. 735; Mackey v. Smith, (Or.) 28 Pac. Rep. 974.

As to what is not a promise to answer for the debt or default of another, see Ware v. Allen, (Miss.) 1 South. Rep. 738, and note; Hughes v. Fisher, (Colo. Sup.) 15 Pac. Rep. 702; Green v. Burton, (Vt.) 10 Atl. Rep. 575, and note; Wood v. Moriarty, (R. I.) 9 Atl. Rep. 427; Crawford v. Edison, (Ohio Sup.) 13 N. E. Rep. 80, and note; McCraith v. Bank, (N. Y. App.) 10 N. E. Rep. 862; Maurin v. Fogelberg, (Minn.) 32 N. W. Rep. 858, and note; Daniel v. Robinson, (Mich.) 33 N. W. Rep. 497; Smith v. Mott, (Cal.) 18 Pac. Rep. 260; Silsby v. Frost, (Wash. T.) 17 Pac. Rep. 887, and note.