RIETZLOFF, Respondent, vs. GLOVER, Appellant.

*September 9 — September 26, 1895.*

*Statute of frauds: Promise to pay debt of another: Novation.*

Although a written lease of a farm provided that the lessor should furnish the money necessary to carry it on, he was not bound by a subsequent oral promise to the lessee to pay the amount due to a laborer who had been employed by the lessee on the farm.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Reversed.*

*Glover* owned a farm, which he leased to one Sweet. The lease contains this provision: "Said first party [*Glover*]

agrees to furnish such money as shall be necessary to carry on the said farm during the coming season or any subsequent season." There was also a proviso that Sweet should pay interest on all money advanced to him under this proviso of the lease. Sweet employed the respondent upon the farm. When respondent quit work, Sweet owed him $81.90, for which he gave him what he calls "a time check." Before the respondent quit work, *Glover* had told Sweet to send respondent to him and he would pay him off. Respondent presented his time check to *Glover* for payment. *Glover* did not pay it, but offered to pay half then and the rest in a few days. This action was then begun. There was verdict and judgment for respondent for the amount of the time check, from which the appeal is taken.

For the appellant there was a brief by *Baker & Helms*, and oral argument by *E. W. Helms*.

*A. J. Kinney*, for the respondent, contended, *inter alia*, that the terms of the lease bound defendant to furnish this money to Sweet, and it was perfectly competent for him to arrange that it should be paid directly to the plaintiff. It was a promise made for the plaintiff's benefit, and he has a right to enforce it. *Grant v. Diebold S. & L. Co.* 77 Wis. 72; *Larson v. Cook*, 85 id. 564; *Ingram v. Osborn*, 70 id. 184; *Johannes v. Phenix Ins. Co.* 66 id. 50; *Bassett v. Hughes*, 43 id. 319; 16 Am. & Eng. Ency. of Law, 884.

NEWMAN, J. *Glover* could not be bound by his oral promise to pay the debt of Sweet to the respondent (R. S. sec. 2307; *Willard v. Bosshard*, 68 Wis. 454) unless the whole transaction amounted to a novation. Novation, as applied to this case, means simply the substitution of a new debtor in the place of an old one, with intent to release the old one. This transaction did not amount to a novation for two reasons: (1) Sweet's debt to respondent was not extinguished, so there was no substitution of debtors in fact (*Guichard*

*v. Brande*, 57 Wis. 534; 16 Am. & Eng. Ency. of Law, 864, and cases cited in note 3; Id. 865, and cases cited in note 1); and (2) *Glover* was not a debtor to Sweet, and was incapable of being substituted (*Gaston v. Owen*, 43 Wis. 103). *Glover* was not a debtor to Sweet. His undertaking to advance money to Sweet did not create the relation of debtor and creditor between them. In this connection the word "debt" imports a sum of money arising upon contract, and not a mere claim for damages. *Zinn v. Ritterman*, 2 Abb. Pr. (N. S.), 262. For a breach of *Glover's* undertaking to him, Sweet would have a remedy by action for his damages occasioned by the breach, or, possibly, for a specific performance of the undertaking, but not as for the recovery of a debt. So no valid obligation was created by the oral promise. Nor can the action be maintained on the theory of an undertaking for the respondent's benefit. His benefit was not the object of the undertaking. Whatever benefit he might derive from it is merely incidental and indirect. The undertaking was not to pay Sweet's debts or his hired men. It was to advance money to Sweet to enable him to carry on the farm. It was not intended to make *Glover* a guarantor of Sweet's use of the money advanced, or that he would use it to pay the men. *Glover's* undertaking to Sweet could be fully satisfied, and the men might still remain unpaid. It is entirely unlike any of the contracts upon which a recovery by third parties has been upheld by this court. 16 Am. & Eng. Ency. of Law, 888, and cases cited in note 2.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.