GOOD v. MARTIN.

PROMISSORY NOTE — *party indorsing at the time it is made, may become maker.*
If a party put his name on the back of a note at the time it is made, as surety for the maker and for his accommodation, to give him credit with the payee, or if he participated in the consideration for which the note was given, he must be considered as a joint maker of the note.

BURDEN OF PROOF — *as to when note was indorsed. Prima facie.* One whose name is upon the back of a note is to be regarded as an indorser, and if

| | |
|---|---|
| 1 | 165 |
| 2 | 218 |
| 2 | 220 |
| 3 | 139 |
| 7 | 208 |
| 1 | 165 |
| 19 | 94 |
| 1 | 165 |
| 14a | 247 |

the plaintiff would charge him as maker, the burden of proof is upon him to show that the party to be charged signed his name at the time the note was made, as surety for the maker and for his accommodation, or that the indorser participated in the consideration. Where there was no express agreement between the parties, and the indorser did not participate in the consideration, and it does not appear that he wrote his name on the back of the note before it came to the hands of the payee, the evidence is not sufficient to sustain the verdict.

*In order to charge the indorser* of the note as maker, it was necessary to show specifically that he put his name upon the back of the note before it was delivered to the payee.

PRESUMPTION *arising from indorsement at time note is made.* If one put his name on the back of a note at the time it is made and make no statement of his intention in so doing, he is presumed to have done so as the surety of the maker and for his accommodation, and to give him credit with the payee.

WITNESS — *competency of payee, in action against indorser, as maker.* In an action by the assignee of a note against one whose name appears on the back of the note, charging him as maker, the payee of the note is a competent witness.

PRACTICE — *pleadings not to be given to the jury.* It is not good practice to allow the jury to take the declaration to their room when they retire to consider of their verdict.

## *Appeal from District Court, Arapahoe County.*

Mr. Justice GORSLINE did not participate in the decision of this cause.

Messrs. J. BRIGHT SMITH & E. L. SMITH, for appellant.

Mr. S. E. BROWNE, for appellee.

HALLETT, C. J. The principal question presented in this record has been the subject of much judicial discussion in the courts of this country, resulting in a difference of opinion, which is exceedingly perplexing. All the courts agree that a liability is incurred by one who, being a stranger to a note, puts his name upon the back of it at the time it is made ; but whether he should be regarded as maker, guarantor or indorser, is the point of difference. 2 Parsons' Notes and Bills, 119.

This difference of opinion arises only in cases in which the parties have omitted to express their contract, and have

left it to the law to imply a contract upon the naked signature appearing upon the back of the note. Because the signature is upon the back of the note, it is difficult to say that the party intended to become a maker, and because the signature was put upon the note at its inception, and before it gained the legal quality imparted to it by delivery, it is difficult to say that the party intended to assume the liability of indorser only.

We are glad to find that we have been relieved of the labor of deducing a rule from the mass of conflicting authority upon this point by the court which has revisory jurisdiction of our proceedings. The case of *Rey et al.* v. *Simpson*, 22 How. 341, was an action upon a promissory note against three parties, two of whom had indorsed the note at its inception, and the point under consideration was fully presented and passed upon by the court. "When a promissory note, made payable to a particular person or order, as in this case, is first indorsed by a third person, such third person is held to be an original promisor, guarantor or indorser, according to the nature of the transaction and the understanding of the parties at the time the transaction took place. If he put his name on the back of the note at the time it was made, as surety for the maker and for his accommodation, to give him credit with the payee, or if he participated in the consideration for which the note was given, he must be considered as a joint maker of the note. On the other hand, if his indorsement is subsequent to the making of the note, and he puts his name there at the request of the maker, pursuant to a contract with the payee for further indulgence or forbearance, he can only be held as a guarantor. But, if the note was intended for discount, and he put his name on the back of it with the understanding of all the parties that his indorsement would be inoperative until it was indorsed by the payee, he would be liable then only as a second indorser in the commercial sense, and, as such, would be clearly entitled to the privileges which belong to such indorsers."

And again, "They placed their names there at the incep-

tion of the note, not as a collateral undertaking, but as joint promisors with the maker, and are as much affected by the consideration paid by the plaintiff and as clearly liable in the character of original promisors as they would have been if they had signed their names under the name of the other defendant upon the inside of the instrument."

This is, undoubtedly, the law of this territory and of every other territory of the United States, notwithstanding a different rule may have been adopted in some of the States.

We learn from this case that, in order to charge one, whose name is upon the back of a note, as maker, it must appear that the name was placed upon the back of the note at its inception, and that parol evidence is admissible for the purpose of showing the circumstances attending the signing. *Prima facie*, one whose name is upon the back of a note is to be regarded as an indorser, and if the plaintiff, in an action upon the note, would charge him as maker, the burden of proof is upon him to show that the party to be charged signed his name at the time the note was made, in the language of *Rey* v. *Simpson*, "as surety for the maker and for his accommodation, to give him credit with the payee, or that he participated in the consideration for which the note was given." If there is evidence of an express agreement between the parties, of course that will control, but if the plaintiff relies upon the mere act of signing the note upon the back, unaccompanied by any agreement or declaration of intention, then it becomes important to know precisely when the signing took place.

The authorities are explicit upon the point that the signature must be attached at the time the note is made, in order to affect the signor with the liability of maker, by which we understand that the act must be done while the note is *in fieri*, yet in the hands of the maker, and before it has come to the hands of the payee.

If one put his name upon the back of a note while it is in the hands of the maker, from this act alone it may be presumed that he did so with intent to serve the maker by

becoming surety for him; but if he put his name upon the back of the same note after it has passed into the hands of the payee, we cannot determine from this act alone whether he intended to serve the maker or the payee. Upon looking into the evidence in this cause, we do not find any thing tending to show an express agreement on the part of the appellant with any of the parties, nor does it appear that he shared in the consideration of the note. It seems that the appellee relied upon evidence tending to prove that appellant wrote his name upon the back of the note at its inception. The only witness called (Davidson, the payee of the note), testified that Cheney, Shepard, appellant and himself were present at the making of the note, and that the names were all on it, including, as we understand him, his own, at the time he delivered it to the appellee. We are not informed whether the appellant signed his name upon the back of the note before or after it came into the hands of Davidson, the payee, and, as we have seen, this is material. All the original parties to the note were present at the making of it, and for aught that appears the note may have been delivered to Davidson, and accepted by him, before the appellant became a party to it. If such were the fact, the work of creation was complete when it was delivered to the payee, and no one could become a maker by subsequently indorsing it in blank. It is true that the witness testifies that he would not deliver certain money until the appellant had indorsed a pre-existing note, but who were the parties to that note, and whether the note upon which the action was brought was given in renewal of the other, he does not state. We do not see that the testimony respecting the money is connected with the note here in suit. It is true, also, that he testifies that he cautioned the appellant against putting his name on the note, which shows that the appellant did not sign upon his request, but he also testifies that he was but the nominal payee, his name being inserted by mistake for that of the appellee. If the note was in the hands of Davidson at the time of the indorsement by appellant, the latter may have acted upon

the request of the appellee, or he may reasonably have believed that he was to stand between the payee and the appellee as second indorser. But, if he signed after the note was delivered to Davidson, a better reason for withholding from him the character of maker, is found in the fact that at the time he signed, the contract was fully completed, and it cannot be said that he participated in making it, or that the act of signing stands upon the consideration of the note. We hold that, in order to charge the appellant as maker of the note, it was necessary to show specifically that he put his name upon the back before it was delivered to the payee, and if this appear to be a rigid application of the rules laid down in *Rey* v. *Simpson*, we say as was said in *Clapp* v. *Rice*, 13 Gray, 403, that the doctrine which holds a party who has put his name upon the back of a note liable as maker, is somewhat anomalous, and is not to be extended beyond adjudged cases.

The counsel for appellant insists that, in testifying that he had no interest in the note, and that his name was inserted as payee by mistake, Davidson negatived the condition prescribed in the rule given by the supreme court, to the effect that appellant must have signed for the purpose of giving the makers, Cheney and Shephard, credit with the payee Davidson. As to this it is to be observed that the language of the supreme court is used for the purpose of indicating the possible motives which may have operated upon the mind of the party at the time he put his signature upon the back of the note, and is a statement of the presumption of the law rather than the subject of proof. If one put his name on the back of a note at the time it is made and make no statement of his intention in so doing, he is presumed to have done so as the surety of the maker and for his accommodation, and to give him credit with the payee. If it be said that this presumption is rebutted by the testimony of Davidson, it may be answered that his name was inserted as payee by mistake, the party who was beneficially interested being the appellee. If the appellant signed for the purpose of giving Cheney and Shephard credit with the

appellee, and his name was omitted from the note by mistake, Davidson being inserted in its stead, it will not be contended that the want of interest on the part of the latter would relieve the appellant of liability. Objection was made to the competency of Davidson as a witness, upon the ground that he as first indorser was liable to appellant as second indorser. As a recovery must be had against appellant as maker of the note, if at all, in this action we fail to perceive the force of the objection. Upon the point that the jury were allowed to take the declaration with them to their jury room, we think it necessary at this time only to say that it is a practice not to be sanctioned. The pleadings in a cause are for the consideration of the parties and the court and not for the jury. The court below should have granted a new trial because of the insufficiency of the evidence to charge the appellant as maker of the note and for this cause the judgment is reversed and the cause remanded for a new trial.

*Reversed.*