## NICHOLS, SHEPARD & CO. *vs.* WILLIAM ALLEN.

### May 15, 1877.

**Statute of Frauds—Guaranty.**—Defendant, assuming to act as plaintiff's agent, on August 22, 1872, took from one Robbins (the maker) a note payable to defendant's order. The note was thus taken as the property of the plaintiff, and without any purpose on defendant's part of acquiring any ownership in it for himself. On August 27, 1872, defendant made and signed the following endorsement on the note, viz.. "Notice and protest waived. I guarantee the collection of the within note," and on the same day transmitted the note to plaintiff. Plaintiff, having received the note and retained it without objection, brings this action upon the supposed guaranty. *Held*, that the supposed guaranty is clearly within our statute of frauds, and void for want of an expressed consideration, since it appears, *first*, that there was a debt owing by Robbins to plaintiff evidenced by the note; *second*, that the guaranty was a special promise to answer for a debt of Robbins, which continued to subsist; and, *third*, that the guaranty was not founded on any new and original consideration moving to the guarantor.

Appeal by plaintiff (a corporation) from an order of the district court for Faribault county, *Dickinson*, J., presiding, refusing a new trial. A former appeal is reported, 22 Minn. 283.

*A. G. Wedge*, for appellant.

*Benj. G. Reynolds*, for respondent.

BERRY, J. As the case settled does not purport to contain all the testimony received below, we cannot consider plaintiff's claim that the findings of fact are not supported by the evidence.

So far as here important, the findings of fact are as follows, viz.: Defendant had in his possession a threshing machine belonging to plaintiff, which he at one time had authority to sell. After the expiration of his authority, defendant, on August 22, 1872, sold the machine to Robbins, taking therefor his four promissory notes of that date, viz., one for $50, one for $130, and two for $250 each. The notes were payable to the order of defendant, and the three last mentioned were secured by mortgages running to him. On August 27, 1872, defendant wrote to plaintiff, informing it of the sale, and enclosing the three last-named

notes, upon each of which he had that day made and signed the following endorsement, viz.: "Notice and protest waived. I guarantee the collection of the within note."

At the time of making the sale defendant charged a commission therefor.

Defendant did not, at the time of transmitting the notes, transmit the mortgages, or execute any assignment of them, but in his letter informed plaintiff that the notes were secured by mortgage. Plaintiff received the notes so endorsed, retained the same without objection, and thereby ratified the sale. Defendant had no interest in the machine except as plaintiff's agent, and except to reimburse himself for repairs and freight upon it, and he assumed to sell it on plaintiff's account, and as its agent.

The notes were taken by defendant without any purpose of acquiring any ownership in them for himself, and (except that he retained the $50 note on account of his commission, with plaintiff's subsequent consent,) they were treated by defendant as plaintiff's property, and as such transmitted to plaintiff. In compliance with plaintiff's request, by letter of March 27, 1873, defendant, on April 1, 1873, sent the mortgages to plaintiff, and subsequently an assignment thereof running to plaintiff, and bearing the date last mentioned. This action is brought upon defendant's alleged guaranty of one of the $250 notes.

As matter of law, the court below finds that "the undertaking endorsed upon the notes, and upon which this action is sought to be maintained, was a special promise to answer for the debt or default of another, and, as such, within the statute of frauds ; and, the written promise not expressing any consideration, this action cannot be maintained."

The finding of the law is right. From the facts found, it appears, *first*, that there was a debt owing to plaintiffs by Robbins, evidenced by his note ; *second*, that the guaranty was a special promise by the defendant to answer for such debt of Robbins, which continued to subsist ; *third*, that the

guaranty was not founded upon any new and original consideration moving to the guarantor. The guaranty is, therefore, clearly within our statute of frauds, and void for want of an expressed consideration. Gen. St. c. 41, § 6; *Mallory* v. *Gillett*, 21 N. Y. 412; *Wyman* v. *Goodrich*, 26 Wis. 21; *Walker* v. *McDonald*, 5 Minn. 455.

Order affirmed.