GEORGE GOWER v. GEORGE H. STUART.

*Parol promise to pay another's debt.*

A mere verbal promise to pay another's debt, without any under-
standing with the latter nor any independent contract for the
promissor's account, the original debt being kept alive, is void
under the statute of frauds.

Error to Macomb. Submitted April 24. Decided April 25.

ASSUMPSIT. Plaintiff brings error.

*O. S. Burgess* and *Edgar Weeks* for plaintiff in error.
Forbearance to sue for a debt is a consideration for a
promise to pay it made by one who has the debtor's
property in his hands, *Mallory v. Gillett,* 21 N. Y., 434;
*Sage v. Wilcox,* 6 Conn., 81.

*C. R. Canfield* for defendant in error. A promise to
pay another's debt is within the statute of frauds and
must be in writing, *Bresler v. Pendell,* 12 Mich., 224;
*Waldo v. Simonson,* 18 Mich., 345; *Corkins v. Collins,* 16
Mich., 478; where there is no evidence to support plain-
tiff's case, the jury should be instructed to find for defend-
ant, *Wisner v. Davenport,* 5 Mich., 501; *Grand Trunk
Ry. Co. v. Nichol,* 18 Mich., 170; *Davis v. D. & M. R.
R. Co.,* 20 Mich., 106; *Scott v. Bush,* 26 Mich., 421.

CAMPBELL, C. J. Stuart was sued on a verbal promise
to pay the note of John Fitzpatrick and John Fitzpat-
rick, junior, owned by Gower, but now lost. Delay was
made at his request, and he made some payments. The
ground relied on for taking the case out of the statute
is the alleged fact that he held Fitzpatrick's property in
his control. It is not shown how he held it, although
he is shown to have had it in his hands to a greater or
less extent. Whatever extensions were made were made

under no arrangement with the Fitzpatricks or either of them. The testimony was contradictory.

It was held below that no action would lie on such a promise. We think there is no ground for any other doctrine. Upon all of the evidence of the plaintiff it only appears that there was a verbal promise to pay the debt of another and not an independent contract for Stuart's own account.

The case of *Calkins v. Chandler*, 36 Mich., 320, is relied on to support the action; but in that case the creditor, the debtor, and the surety were all parties to the arrangement, and it was for their mutual convenience. Here there is nothing to show any desire or consent of either Fitzpatrick to any arrangement for the benefit of creditor or surety. The original debt was kept in force, and in this respect the case is within the principle of *Baker v. Ingersoll*, 39 Mich.

We do not discover any line of decisions taking this case out of the plain letter and spirit of the statute requiring such promises to be in writing.

The judgment must be affirmed with costs.

The other Justices concurred.