## DE WALT V. HARTZELL ET AL.

| 7 | 601 |
| 14 | 558 |
| 7 | 601 |
| 19 | 95 |
| 7 | 601 |
| 8a | 488 |

1. Error cannot be maintained upon the refusal of the court to give an instruction not applicable to the case made by the evidence. And under the facts in this case, *held* that the promise upon which action was brought was a promise to pay the liabilities of the promisor, and not such a case as could be brought within the statute of frauds, which was pleaded in bar.

2. Under section 74 of the code, as amended upon the overruling of a demurrer to a complaint during term, the court shall, by order, fix the time to answer.

3. In a petition for change of venue, either in respect to the prejudice of the judge or the inhabitants of the county, sufficient facts, beyond the bare allegation of prejudice, should be set out by the petitioner, from which the court may be able to judge of the probable truth or falsity of the averments.

*Appeal from District Court of Custer County.*

THE facts are stated in the opinion.

Mr. J. F. FRUEAUFF, for appellant.

Mr. A. J. RISING, for appellees.

STONE, J.   The appellant De Walt, and the appellees, the two Hartzell brothers, were together owners of one-half of the capital stock of a certain mining company. The mine operated by the company was situate near Silver Cliff, in Custer county.   Appellant was the treasurer of the said mining company, and was engaged in the banking business at Leadville.   The appellees were bankers at Silver Cliff.   An arrangement was made between appellant and appellees that for business convenience in paying the expenses of working the mine, the manager of the mining company should draw orders upon appellant payable at Silver Cliff; that appellees should pay such orders at their bank in Silver Cliff, and should then transmit the same to appellant at Leadville, who, as the treasurer of the said company, should remit the amounts of such orders to the appellees.

Suit was brought in the court below by appellees to recover from appellant the sum of $2,563.84, advanced and paid out, under the arrangement above stated, for labor, tools and other expenses in working the mine. Appellant, in his answer, pleaded, *inter alia,* the statute of frauds, for that the alleged agreement of appellant to repay, as averred, was to pay the debt of another, viz., the said mining company, and was not in writing, signed, etc.   To this plea the replication denied that it was the debt of another.

The court refused to instruct the jury, as prayed by appellant, that if they believed that the indebtedness paid by appellees was the indebtedness of the mining company, and not that of appellant, and that the prom-

ise of appellant to pay the same was not in writing, they should find for said appellant, and the refusal to give such instruction is assigned for error.

There was no error in refusing this instruction. It was inapplicable to the case made by the evidence, and calculated to mislead the jury. The indebtedness shown was that of appellant as treasurer of the mining company, and as between him and appellees, who were acting as his agents in making the advances for him, it was the same as his individual indebtedness. The agreement was between mutually interested parties. As treasurer, appellant was liable for the sums he had authorized the manager to draw upon him for and promised to pay. The advances by appellees were made at appellant's request, and for his accommodation. Considering the relation of the parties to the mining company, and to each other, it cannot be said that the promise of appellant was to pay the debt of a third party. It amounted simply to an agreement for the transfer to appellees, by appellant, of certain funds in his hands in settlement of advances therefor by appellees, who stood in the same relation to appellant that the manager did, whom the appellant had authorized to draw upon him for said funds. In short, it was a promise to pay the liabilities of the promisor, and not such a case as can be brought within the statute of frauds, which was pleaded in bar of the agreement.

As there was no error in refusing the instruction in question, there was, for the same reason, no error in overruling the demurrer to the complaint.

Error is also assigned "because the court, in overruling the demurrer to the complaint, allowed but two days in which to file an answer." In support of this assignment, counsel for appellant rely upon section 74 of the code, as amended by the law of 1879 (Session Laws 1879, p. 216), which it is insisted fixes ten days "as the general

time in which all steps in regard to demurrers, answers or replications are to be taken." In answer to this, it is only necessary to say that counsel are mistaken; the provision of the statute cited refers only to demurrers and amended pleadings filed and allowed *in vacation;* while the same section declares that when such proceedings are had " during the term of court, the court shall fix the time by order to expedite the trial."

Another assignment of error is predicated upon the refusal of the court to grant a change of venue on the petition therefor by the appellant.

We think the petition fails to set forth facts sufficiently, either in respect to the alleged prejudice of the judge, or of the inhabitants of the county, to warrant us in interfering with the ruling of the court, under the discretion vested therein by the statute touching applications of this character. Beyond the bare allegation of prejudice, sufficient facts should be set out by the petitioner, from which the court may be able to judge of the probable truth or falsity of the averments; otherwise a change of the place of trial, with its involved expense and delay, might go as a matter of course upon the mere petition therefor, supported by an indefinite affidavit, as in this case.

The drafts or orders of the manager, drawn upon appellant and paid by appellees, were received in evidence over the objection of appellant; and against like objection, testimony was heard as to what was the arrangement or agreement between appellant and appellees, under which the payments in question were made by appellees; and the ruling of the court in admitting such evidence is assigned for error.

This evidence was pertinent to the issue made by the pleadings; and in accordance with our view, sustaining the validity of the agreement, the evidence in question was competent.

There was no error in overruling the motion for new trial.

Perceiving no error in the record, the judgment will be affirmed.

*Affirmed.*