ANDREW BATES v. AUGUSTUS JOHNROWE AND ROBERT M. DONNELLY.

*Statute of frauds—Promise to pay another's debt.*

B hired out to V to draw wood for D, but fearing that he would not get his pay went to D and told him he would draw no more unless he could be assured of getting it. D told him to go ahead and he would pay him and take it out of V. Whether this, instead of being a novation, was not void within the statute of frauds as a promise to pay another's debt; and

Whether *Calkins v. Chandler* 36 Mich. 320 is not vitally distinguishable from it in that the arrangement there sustained was concurred in by the intermediate party whose debt was to be paid—Q.

Error to Alpena. (Emerick, J.) April 23.—Sept. 29.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Turnbull, Shields & Dafoe* for appellant.

*Carpenter & Williams* for appellee. Where the sole credit is rightfully given to the person promising, the undertaking is original and not within the statute, but if any credit is given to the person promised for, such liability is conclusive that the promise is collateral: Wood on Fraud 155; Throop on Verbal Agreements 626-7; the first party and the third party could not severally both be held: *Bresler v. Pendell* 12 Mich. 224; *Gibbs v. Blanchard* 15 Mich. 297; *Corkins v. Collins* 16 Mich. 480; *Welch v. Marvin* 36 Mich. 60; *Baker v. Ingersoll* 39 Mich. 158: 41 Mich. 48; *Waldo v. Simonson* 18 Mich. 349; *Gower v. Stuart* 40 Mich. 747; *Sinclair v. Richardson* 12 Vt. 33.

COOLEY, C. J. Plaintiff brought action in assumpsit, and one of the items of his claim was for the drawing of certain posts and ties.

The evidence tended to show that the defendants had a contract with one View for the drawing of the ties and posts, and that View had employed the plaintiff to do the work at a specified price. Plaintiff, after drawing a few, appears to have become distrustful of View, and he saw Donnelly, one

of the defendants, and told him he would not go on with the work unless he was sure of his pay. Donnelly told him to go on, and defendants would pay him and take it out of View. It was upon this promise that plaintiff sought to recover in this suit. The defendants relied upon the statute of frauds.

Upon this branch of the case the trial judge charged the jury as follows :

" It seems that Mr. Bates had agreed and made a contract with this man View to haul this cedar for him at certain prices for the ties and posts, and he now claims in this case, as I understand it, that after two or three loads had been delivered a new arrangement was made, or an arrangement was made with these defendants ; and it is for you to determine from the evidence in this case what that arrangement was, as well as to determine whether any was made at all. I say this to you : that if, after the three loads were hauled, if you please, this plaintiff absolutely refused to go on with the contract with View ; said he would not haul any more cedar, in good, plain English ; and that these defendants, or one of them, in order to induce him to haul the cedar down here, agreed with him, and made an entirely new and independent and different contract with him that they would pay him at a certain rate for hauling the cedar down here,—then they would be liable upon that promise. But in order to have such a contract valid,—in order to have it binding in law,— Bates must have absolutely refused to go on and perform his other contract. He could not have a double-barreled contract either with View or these defendants, that he might hit either one with ; that is to say, the one he got his pay out of first. He could not have a contract that would operate as a trap to catch the first man that fell into it by paying him, and under which he could recover against the other; but there must have been an absolute giving up of the previous contract by a refusal to perform it, and an entirely new arrangement, under which he relied entirely upon Johnrowe & Donnelly, in order to recover."

The jury returned a verdict for the defendants. As there was no showing of any consideration for the undertaking of the defendants, except such as should arise from the plaintiff's acting upon it after his refusal to go on under the contract with View, the judge was quite right in instructing the

jury that unless they found such a refusal they must return a verdict for the defendants. The mere fact that a debt existed, or would arise from View to the plaintiff, would not be sufficient to support the new promise of a third party. *Bresler v. Pendell* 12 Mich. 224; *Corkins v. Collins* 16 Mich. 480; *Welch v. Marvin* 36 Mich. 60; *Gower v. Stuart* 40 Mich. 747. So much is unquestionable on our own decisions.

But even with sufficient consideration, the undertaking of defendants would be void if it were purely collateral to an existing contract of the original debtor which still remained in force and was enforceable as between the original parties. And such, upon the evidence, appears to have been the case here. The promise of defendants was to make payments in discharge of the indebtedness of View; but as View himself was no party to the arrangements, and does not appear to have assented that defendants might become his agents in payment, the contract relations between him and them would necessarily remain unaffected. The case of *Calkins v. Chandler* 36 Mich. 320, to which our attention is called, was different to this in a particular that constituted the turning point of the case. In that case, the owners of a saw-mill were cutting lumber for the defendants when the contract in suit was made. The plaintiffs had a mortgage on the mill, and were pressing for payment. All the parties came together, and it was then agreed that the defendants should make payment for the sawing to the plaintiffs, to be applied on the mortgage, instead of making it to the mill-owners. It was upon this agreement that the suit was brought, and the ground of the judgment which was given for the plaintiffs was stated to be, that while it was true that the promise of defendants was to make payments on the debt of the mill-owners, it was also true that every payment they undertook to make was to apply on an indebtedness to accrue against themselves for the sawing that from time to time would be done. Their promise was, consequently, a promise to answer for their own debt, and they took upon themselves no new obligation whatever. Any payment they should make under

their promise would go in discharge of their own contract. The difference between that case and the one before us is vital. In this case, View, whose debt the defendants promised to see paid, was no party to the arrangement. A payment by the defendants to the plaintiff would not, therefore, be binding upon him; and, being made neither to the creditor of the defendants nor upon his order, or with his consent, could not be applied in satisfaction of their undertaking to him. The defendants, in promising such payment, were therefore taking upon themselves an obligation beyond what they were before chargeable with (*Gower v. Stuart*, supra); and this was nothing but an obligation to be answerable upon the undertaking of View. The case appears to me to be one falling very plainly within the statute of frauds.

The language of the judge in submitting the case to the jury was, no doubt, somewhat inaccurate, and went beyond the requirements of the case. It was not quite correct to say that a new promise cannot be binding unless the original promise is altogether given up. This is shown in the case of *Calkins v. Chandler*, already referred to. But the inaccuracy was of no importance in this case. There was no consideration whatever for the promise of defendants to the plaintiff, except his going on in the performance of the contract with View; and the promise of defendants was, therefore, in the strictest sense, collateral to that of View.

I think the judgment should be affirmed.

SHERWOOD, J. concurred.

CAMPBELL, J. In this case the plaintiff had an agreement with a man named View to haul certain cedar which defendants had purchased from View, and on which plaintiff had a lien which is admitted and allowed. Having doubts about View's responsibility, plaintiff refused to haul further for him. Thereupon defendants made an arrangement with him to have him go on and haul the cedar to them, and agreed to pay him for so doing. On this he sued as an original liability. The court below charged the jury that such

an agreement would bind them, although verbal, if plaintiff gave up his contract with View, but that he could not have a contract at the same time with both.

It was held in *Calkins v. Chandler* 36 Mich. 320, that if a third party is to receive the benefit for which his promise is exchanged, it is an original undertaking, and it is not necessary that the contract of another party shall be given up. The original debtor's liability need not in such case be ended. In the present case the court recognized that there was sufficient evidence of a new contract for defendants' benefit to support a promise, and we think that was sufficient in itself to authorize recovery.

The judgment should be reversed, and a new trial granted.

CHAMPLIN, J. concurred.