Bateman v. Butler *et al.*

Filed June 4, 1890.

———————

No. 14,116.

BATEMAN v. BUTLER ET AL.

CONTRACT.—*Statute of Frauds.—Debt of Another.—Promise to Pay as Part Consideration of Property Purchased.*—A party who assumes and agrees to pay a debt of a third person as part payment of the consideration for property purchased does no more than promise to pay his own debt, and hence such promise is not within the statute of frauds.

From the Marion Superior Court.

*W. F. A. Bernhamer* and *W. B. Walls*, for appellant.

*J. E. Florea, L. Wallace, Jr.*, and *W. Irvin*, for appellees.

ELLIOTT, J.—The questions which require consideration arise on the special verdict. The facts contained in the special verdict, so far as they relate to the issue joined between the appellant and the appellee Thrift, are, in substance, these: In April, 1883, John M. Bateman, his wife, Sarah A. Bateman, and his son, Aden Bateman, lived upon a parcel of land containing about three acres near the town of North Salem, in Hendricks county, belonging to Lindley L. Thrift. There was a flouring mill on the land, and the entire property was purchased by John M. Bateman. The consideration which John M. Bateman agreed to pay was one thousand dollars, part of

which was paid in property, and for the unpaid remainder of the purchase-price the purchaser executed two promissory notes for the sum of three hundred dollars each, payable in one and two years after date, respectively. In accordance with the direction of John M. Bateman the deed for the real estate was made in the name of his son Aden, and was delivered to Sarah A. Bateman. The grantee named in the deed executed his promissory notes of the tenor and amount already described to the grantor, and to secure them executed a mortgage conveying the property to the grantor. The deed was not recorded, and Aden Bateman paid no part of the purchase-price of the land, and has not paid the notes executed by him. John M. Bateman continued to reside upon the property, and, with the assistance of his son, conducted and operated the mill and its business. The son remained with his father until January, 1884. During the time he was engaged with his father there was no accounting of profits, no charge for board or services, but all lived together as one family, having as their sole means of support the profits from the business of the mill. Before the notes executed by John M. Bateman for the purchase-money of the property became due, it was agreed that Thrift, the vendor, should convey to Sarah A. Bateman the part of the land on which the mill was located; that he should surrender one of the notes executed to him for the purchase-money; that Sarah A. Bateman, as part of the consideration for the property conveyed to her, should assume and pay the other note, and that Thrift should take possession of the part of the land not occupied by the mill as owner. This agreement was performed by the execution of a conveyance of the mill property to Sarah A. Bateman, and the delivery of possession to Thrift. John M. Bateman continued to manage the mill, and in April, 1884, he procured it to be insured in the name of his wife. Soon after the insurance was obtained he removed from the State. and some time afterwards the mill was destroyed by fire. After his removal the loss was adjusted and the money due

on the policy placed in the hands of McGilliard and Dark for Sarah A. Bateman, and they were properly brought into court under proceedings in garnishment. All the Batemans are non-residents of Indiana.

We have no doubt that the court did right in giving the appellee Thrift a judgment.

In assuming to pay the note given by her son, Mrs. Bateman simply agreed to pay so much of the purchase-money as equalled in amount the note executed by her son. It has been decided over and over again that such a promise is not within the statute of frauds. *McDill* v. *Gunn*, 43 Ind. 315; *Josselyn* v. *Edwards*, 57 Ind. 212; *Windell* v. *Hudson*, 102 Ind. 521; *Wolke* v. *Fleming*, 103 Ind. 105; *Turpie* v. *Lowe*, 114 Ind. 37. A party who assumes and agrees to pay a debt of a third person as part payment of the consideration for property purchased by him, does no more than promise to pay his own debt.

Counsel for the appellant are entirely wrong in asserting that the special verdict finds facts outside of the issues, as the record very clearly shows.

The verdict warranted a judgment in favor of Butler for the reason that it states, in addition to the facts we have mentioned, that John M. Bateman and Aden Bateman purchased of a firm of which Butler is the surviving partner, machinery for the mill as the agent of Sarah A. Bateman, and that the machinery was placed in the mill. If they did buy the machinery as her agent, then the appellee has a right to treat her as the purchaser.

The special verdict shows that a note was executed by John M. Bateman and Aden Bateman at the time the machinery was purchased, but it also explicitly states that the note was not accepted as payment. In the face of the explicit statement that the note was not received as payment it can not be presumed that it was taken in payment.

There are some facts stated which somewhat confuse the

verdict as to Butler, but as the question is presented we can not do otherwise than sustain the judgment as to him.

As to the appellee Sowders there is not the slightest question. There was a separate verdict upon his claim, in which facts are stated which show that he was employed as agent by the appellant, and there can be no doubt that he was entitled to recover the reasonable value of his services.

Errors are assigned jointly against all of the appellees, and we have, perhaps, considered more questions than, in strictness, we should do; at all events we have considered all that we can with propriety examine.

Judgment affirmed.

Filed June 4, 1890.