GREENE ET AL., PLAINTIFFS IN ERROR, v. LATCHAM, DEFENDANT IN ERROR.

STATUTE OF FRAUDS.

Where plaintiff parted with nothing in consideration of defendant's promise to pay the debt of another; did not surrender the right to enforce its claim against original debtor, or waive any lien upon his property, the promise not being in writing, was within the statute of frauds and void.

*Error to the District Court of Arapahoe County.*

Mr. JAMES H. BROWN and Mr. MILTON SMITH, for plaintiffs in error.

Messrs. COE & FREEMAN, BENEDICT & PHELPS, and Mr. LUCIUS W. HOYT, for defendant in error.

RICHMOND, P. J., delivered the opinion of the court.

On the 10th of August, 1888, Frank Latcham, defendant in error, made a contract with one C. G. Vaughn for the construction and erection of a dwelling-house and barn in the city of Denver.

Thereafter in the month of September, 1888, Vaughn contracted with the Chicago Lumber Company, plaintiffs in error, for the lumber and building materials required to perform his contract with Latcham.

After a portion of the lumber and building materials had been furnished to Vaughn by the company on the contract, and about the 6th of October, 1888, a conversation occurred between defendant, Latcham, and Fred C. Fisher, a member of the Chicago Lumber Company, in which conversation Latcham expressed himself as dissatisfied with the progress that Vaughn was making in the construction of his house, and said that unless Vaughn made more rapid progress in its erection, he would complete it himself; that he had had

bad reports about Vaughn and wanted to know as to his responsibility. Whereupon Fisher suggested that the reports might be made by other lumber dealers for the purpose of diverting business from the company to them, and in doing that they might unconsciously injure Vaughn, and it was possible that their statements were not correct; that Vaughn had been doing business there, and the company had no reason to think but what he was responsible.

Q. What, if anything, was said about the payment for these materials? A. Well, the question then arose—of course I didn't know Vaughn very well; he had traded with us perhaps sixty days.—I asked him what was going to become of our lumber account, and he replied that he would pay our lumber account. That was substantially all that was said at that time.

The testimony shows that the company continued to furnish all the materials that were ordered, and Fischer further testifies that they relied upon Latcham's statement.

One Brown, foreman of the Chicago Lumber Company, testifies that Latcham said he would see that the lumber was paid for. It is further in testimony that Latcham had informed a Mr. Rundle that he had been fool enough to agree to secure the Chicago Lumber Company their bill, but that he would not pay any other bills contracted by Vaughn.

It is also shown by the testimony that all of the lumber delivered was charged to Vaughn, and receipted for by him or his employee; that the account on the books was not transferred to Latcham, and that the company were constantly calling on Vaughn for payment of the bill; that no account was ever made, put or presented to Latcham; and that prior to the institution of the suit the company, through its representative, filed a claim for a lien upon the house for lumber furnished.

The evidence also shows that the company was well aware of the fact that Latcham was continually paying Vaughn on his contract as he progressed with the construction of the house, and on several occasions made inquiries as to the

amount that was due Vaughn under the contract, and yet at no time did they inform Latcham that they were holding him under his promise of payment for the amount of their claim.

This is substantially all of the testimony upon which the plaintiff sought to recover the sum of $1,260 from Latcham for materials furnished in the construction of his house.

After plaintiffs had introduced their testimony defendant interposed a motion for judgment, and the court instructed the jury that the agreement between the company and Latcham was a promise to answer for the debt of another, and not being in writing was void, and that their verdict must be for the defendant. In compliance with the instruction the verdict was so returned, and judgment entered against the plaintiffs. To reverse this judgment this writ of error is prosecuted.

It is contended by plaintiffs in error that the promise of Latcham was an original one and not collateral; that inasmuch as he derived a benefit from the furnishing of the lumber by the company, which was used in the construction of his house, that his promise was made on a good consideration, and was unaffected by the statute of frauds.

The contention of defendant in error is that the language used did not amount to a promise to pay on the part of Latcham ; that inasmuch as Vaughn continued to perform the contract, and the company continued to deliver the lumber upon his order and to charge it to him, that there was no new consideration moving from the company to Latcham, and no change of the relation of the parties was created. That, practically, the understanding of the conversation was that if Vaughn was discharged in such case Latcham would then become responsible for the lumber furnished by the company.

We think that the District Judge was clearly right in holding that the contract as proved was void under the statute. There was no new consideration for the defendant's promise. The evidence does not show that the company

surrendered any right to enforce its claim against Vaughn or agreed to waive any lien upon the property of Latcham in view of the promise. In fact, the evidence discloses a simple statement on the part of Latcham to the effect that he would pay for the lumber, and it strongly tends to establish the fact to be that the company continued to believe in the responsi-. bility of Vaughn, as they did not change the relation then existing between the company and Vaughn by transferring the account to Latcham; they did not inform Latcham that lumber would be delivered upon his order. On the contrary, they continued to respond to the orders of Vaughn for lumber upon his contract with Latcham as well as upon other contracts. The company surrendered nothing, nor did it agree to extend future credit to Vaughn by reason of the promise, nor was there any assent or understanding between Vaughn, Fischer and Latcham that Latcham should pay the company for the lumber furnished.

Plaintiffs in error have presented their side of the question with great ability, but we think that their contention is unsupported by authority, and especially by modern authority.

Justice Gray in delivering the opinion of the court in the case of *Brightman v. Hicks*, 108 Mass., 246, uses this language: " The law is well settled in this commonwealth that, when property subject to a lien is transferred by the debtor to a third person, the latter is not liable to an action by the creditor, unless he has made a direct promise either to the debtor or the creditor to pay the debt; and that such a promise to a creditor, who neither gives up his claim against the original debtor, nor any lien upon the property, is a promise to answer for the debt of another, and must be in writing in order to satisfy the statute of frauds."

This doctrine is followed in *Vaughn v. Smith et al.*, 65 Iowa, 579. This latter case is analogous to the one at bar. That was a case where a plaintiff had a claim and a right to a mechanic's lien against defendants, and defendants promised that if he would not commence proceedings, nor file any

mechanic's lien to secure his claim before a certain date, they would pay the claim, and plaintiff accepted the proposition, and defendants then paid part of the claim, but refused to pay the remainder when it became due by the terms of the proposition, but plaintiff neither released the original debtor nor relinquished his right to a lien, held that the plaintiff parted with nothing in consideration of the defendants' promise, and the promise being to pay the debt of another, and not being in writing, was within the statute of frauds, and could not be established by oral testimony.

In *Ackley ex., v. Parmenter*, 98 N. Y. 425, it was held that, " To take the case out of the statute there must be a consideration moving to the promisor, either from the creditor or the debtor, and beneficial to him, thus imparting to the promise the character of an original undertaking."

A like rule is laid down in *Morrissey v. Kinsey*, 16 Neb., 17.

In *Birchell v. Neaster*, 36 Ohio, St. 331, it is held that, A promise to answer for the debt, default or miscarriage of another, either in writing or verbal, unsupported by a consideration, cannot be enforced either under the statute or independent of it. And that the statute requires a promise to answer for the debt, default or miscarriage of another though supported by a consideration, to be in writing. This case is similar to the one at bar. It was an action brought to recover the balance claimed to be due on material and labor in and about the plastering of a house belonging to the defendant, and also to enforce a mechanic's lien which was alleged to have been secured under the statute.

In *Krutz et al. v. Stewart*, 54 Ind. 178, it was held that, A promise without any consideration to support it would be *nudum pactum*, and void at common law, without any reference to the statute of frauds. And since the statute, promises may be made upon sufficient consideration to support them, which will still be void, not being in writing as required by the statute. *Haverly v. Mecur*, 78 Pa. St., 257 ; *Hooker et al. v. Russell*, 67 Wis. 257 ; *Bates v. Donnelly*, 57

Mich. 521 ; *Weyer et al. v. Beach,* 14 Hun, 231; *Willard v. Bosshard,* 68 Wis. 454.

In a recent case in the court of appeals, N. Y., reported in 15 N. E. 318, it was held that, " Original promises as distinguished from collateral promises, under the statute of frauds required to be made in writing, are such as are founded on a new consideration, the debt antecedently contracted for still subsisting, moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor."

It is wholly unnecessary to quote further authorities in support of the conclusion reached. It is sufficient to say that we have thoroughly examined many authorities, early and late, and are of the opinion that the weight of modern authority supports the rule as announced in Massachusetts.

We are unable to concur in the position assumed by defendant's counsel that this was a case for the jury, as the evidence would not warrant a verdict for the plaintiff. For as before stated, The Chicago Lumber Company made no agreement whereby their relation with Vaughn was changed ; they had not even declared that they would not furnish the lumber necessary to construct the house under the contract between Vaughn and Latcham. They surrendered nothing, continued to hold Vaughn liable, accepted his orders for lumber and his receipts for the same ; charged the lumber so furnished in the contract of Latcham's house in with the general account of Vaughn and knew that Vaughn was receiving money in payment for his labor and material under his contract from Latcham ; and subsequently, through their representative or agent, a lien was filed upon the premises and Vaughn was continually importuned for payment. This is a case in which, in our judgment, a faithful observance of the statute of frauds requires us to say that the promise on the part of Latcham is void for want of a writing.

The judgment must be affirmed.

*Affirmed.*