[No. 2260.]

JOHNSON ET AL. v. BOTT.

1. **Pleading—Misjoinder—Demurrer—Waiver.**

A failure to demur to a complaint on the ground of misjoinder of parties waives the objection.

2. **Pleading—Practice—Joint Judgment—Harmless Error.**

Where a complaint stated a separate cause of action against each of two defendants and the cause was proven as to each

the fact that a joint judgment was rendered against the two was not prejudicial error.

*Appeal from the District Court of El Paso County.*

Mr. JOHN W. SHEAFOR and Mr. JOHN W. SLEEPER, for appellants.

Mr. H. M. BLACKMER and Messrs. MCALLISTER & GANDY, for appellee.

GUNTER, J.

Appellant Johnson gave to one Carlton his promissory note and as security therefor a trust deed on certain real estate. Thereafter the note was assigned to appellee, the present holder.

After the execution of the note and prior to its maturity, Johnson conveyed the real estate covered by the trust deed to appellant Clow, who agreed with him for a valuable consideration to pay the note to the legal holder thereof. The note was not paid, and appellee, the legal holder, foreclosed the trust deed, realizing therefrom a part of the note. For the deficit in the note, after the foreclosure, appellee brought this action against appellants, Johnson and Clow, embodying in her complaint the above facts, and praying a joint judgment against appellants. Without questioning the complaint by demurrer or motion appellants answered. The case came to trial before court and jury. Before the introduction of evidence appellants jointly made this motion:

"The defendants move the court to dismiss this action for the reason that the complaint does not state facts sufficient to constitute a cause of action against the defendants or either of them, and in favor of plaintiff."

The motion was denied, the allegations of the complaint proven, a verdict rendered in favor of appellee and against appellants under the direction of

the court, and a joint judgment entered against appellants thereon. The only ground urged in support of this appeal is that the court erred in overruling the above motion. They say that the motion in effect was a joint demurrer, that the complaint did not state facts sufficient to constitute a cause of action. They say it failed to state a cause of action in that it did not state facts showing a joint cause of action against appellants. It is not necessary for us to discuss whether or not appellee was entitled to a joint judgment against appellants upon the facts stated. As against appellant Johnson, the complaint stated that he made the note the balance due upon which was sued for; that such balance was unpaid, and that appellee was the legal holder thereof—that is, it stated a cause of action against Johnson. As to appellant Clow, it stated that for a valuable consideration he made an original promise to pay the legal holder of the note the amount thereof. It thus stated a cause of action as to him.—*Thatcher v. Rockwell,* 4 Colo. 409; *Fiske v. Reser,* 19 Colo. 88, 95.

That the complaint stated a cause of action, however, as to each of appellants, is not controverted. The question here is thus reduced to: Were appellants properly joined as parties defendant? If they were not (which we do not hold) the question was waived by a failure to demur on that ground.—Mills' Ann. Code, secs. 50, 55; *Colorado Coal and Iron Company v. Lamb,* 6 Colo. App. 255, 257.

Further, as the complaint stated according to the admission of appellants, a separate cause of action against each of them, and as such cause of action was proven, no prejudice was worked to either of them by the inclusion of the other in the judgment rendered. Appellant Clow was not injured by Johnson being included in the judgment, nor was Johnson by the inclusion of Clow. The error, if one, was

cured by section 78, Mills' Code, providing in substance that any error in the pleadings or proceedings which does not affect the substantial rights of the parties shall not be ground for reversal.

In *Decker v. Trilling,* 24 Wis. 610, two parties were joined as defendants, and a joint judgment went against them. It was the opinion of the court that separate judgments should have been taken against the defendants, and that the joint judgment was error. In the course of the opinion, however, it was said:

"But, however irregular the judgment may be in this respect, it will not for that reason be reversed. Sec. 40 * * * provides that the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect. This statute cures a multitude of errors, as the numerous cases in which it has been acted upon by this court will show. It is a beneficient statute designed to reach to just such a case as this. It is a matter of no consequence to a party separately liable to a judgment that some other person is included with him in the same judgment. It does not injure him in the least, but must be regarded as beneficial rather than otherwise, and the judgment must be affirmed."

Judgment affirmed.                    *Affirmed.*